# Hays *versus* Hinkleman.

1. An upper landowner has a right to discharge waters which by nature rise in, flow or fall upon his land, upon the lower lands, so long as the natural course of the water or drainage is not diverted.

2. Hinkleman's land was injured by a large body of water flowing from Hays's land in time of a severe storm. *Held,* that Hays was responsible if he contributed to the damage by a diversion of the natural flow of the drainage.

March 31st 1871. Before THOMPSON, C. J., READ and SHARSWOOD, JJ. AGNEW, J., absent. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lycoming county :* No. 352, to January Term 1871.

This was an action on the case brought, May 9th 1867, by Adam Hinkleman against William R. Hays, to recover damages for injury to real estate occasioned by the construction of a drain.

The plaintiff was the owner of a tract of 7 acres of land on which were a house and stable; the land was situated on the declivity of a hill, below and adjoining the land of the defendant. The water which collected upon the land of the defendant passed down on to the land of the plaintiff, tearing a large gully in his field, destroying a valuable spring of water, injuring the foundations of his house, uprooting fruit-trees and damaging hay in his stable. The plaintiff alleged that the water was diverted from its natural course and conducted upon his land by means of a ditch dug by the defendant above on his own land.

The defendant answered that his land lay so as to discharge its waters in part toward the plaintiff's land; that whilst he was farming in the usual way, a heavy rain-storm fell washing his field in ditches, one of which taking the course of a furrow leading toward the plaintiff's land, caused what was alleged to be an artificial ditch, and directed the flood complained of upon the land of the plaintiff across a road whose gutters were insufficient.

The facts sufficiently appear in the opinion of Judge Read.

The defendant submitted the following points :—

[Hays *v.* Hinkleman.]

1. The defendant's land being the superior heritage, or located above the plaintiff's, there was an easement or right on the inferior or lower lands for the discharge of all waters which by nature rise in, flow or fall upon his said land, and the lower must necessarily be subject to all the natural flow of water from the upper one, the inconvenience arises from its position, and is usually more than compensated by other circumstances.

2. The owner of the upper or superior heritage has a right to improve and use his lands for agricultural or mineral purposes in the ordinary manner, although the volume of water on the lower is thereby increased.

3. Unless the jury believe, from the whole evidence in the cause, that the defendant made a tortious or wrongful use of his premises, to the injury of the plaintiff, their verdict must be for the defendant.

4. If the jury believe that the alleged damage was occasioned, in whole or in part, from waters collected by the ditch at the road from other lands than those of the defendant, their verdict should be for the defendant.

5. If the jury believe that the damage to the plaintiff, if any, was occasioned by flood, storm or other natural cause (the defendant cultivating his premises in the ordinary manner), no tort can be imputed to him, and the plaintiff cannot recover.

6. The plaintiff, not having, by law or length of time, obtained a prescriptive right to have the defendant use his natural drainage in any particular manner, the defendant has a right to use the advantages of his position without committing tortious acts to the immediate injury of the plaintiff, and the verdict of the jury should be for the defendant.

7. If the jury believe the evidence on the part of the defendant, the plaintiff has no cause of action.

The court answered the 1st, 2d, 3d and 5th points affirmatively, adding as to the 1st, "so long as the natural flow of the water or drainage is not diverted;" as to the 2d, "the improvement or use of his lands in the ordinary manner must be understood to mean a legal manner, consistent with all the natural rights appertaining to his neighbor's lands;" and as to the 5th, "if the jury believe that the defendant did not contribute to the damage by a diversion of the natural flow of the drainage from the defendant's field;" and denied the 4th, 6th and 7th points.

The verdict was for the plaintiff for $180.

The defendant took a writ of error, and assigned for error the answers to the points.

*G. W. Youngman*, for plaintiff in error, cited Kauffman *v.* Griesemer, 2 Casey 407; Martin *v.* Riddle, Id. 415; Miller *v.* Laubach, 11 Wright 154.

[Hays *v.* Hinkleman.]

*R. P. Allen* (with whom was *J. J. Metzger*), for defendant in error, cited Miller *v.* Laubach, Kauffman *v.* Griesemer, *supra ;* Lloyd *v.* Carter, 5 Harris 216 ; 1 Am. Law Reg. 249.

The opinion of the court was delivered, May 8th 1871, by

READ, J.—This case turns almost if not entirely upon a question of fact, which the jury have determined in favor of the plaintiff. The water from the defendant's land ran over into the plaintiff's land in a torrent, which tore a deep gulley in plaintiff's field, destroyed a valuable spring of fresh water near his house, injured the foundations of his house, washed away a quantity of manure from his barn-yard, spoiled his stock of hay in his stable, uprooted two apple trees, besides washing gravel into his barn-yard and over his meadow.   It was not denied that the damage done was serious.

There was a basin or winter spring in defendant's field in which a large quantity of water is collected from the snow and rain, and for some time each spring it flows in a very considerable stream, the natural course of which is into a hollow or ravine, or what is known as Hays's run, and is carried off through Hays's land to Ly-coming creek.   The courses of this drainage are all on Hays's land, and prior to 1866 all this water was drained in that way alone. In 1865, what is called a ditch by the plaintiff, and a furrow by defendant, was made by the defendant to a point beyond the sum-mits of the intervening ridge at the western side of Hays's field so as to carry water from the basin to the declivity above the land of the plaintiff, and in 1866, the water took this new channel for the first time, and caused the damage above stated.   The finding of the jury has settled that this was a ditch dug by the defendant, which turned the water from its natural course and threw it on the land of the plaintiff.

The charge of the learned judge is not complained of, nor was it reduced to writing, and the errors assigned are to the answers to certain of the defendant's points.

The addition to the affirmative answer was necessary to the 1st point in view of the actual facts of the case as stated above, and the same is true of the addition to the answer to the 2d point.

The 4th point was properly negatived, as it asked the court to say, If part of the damage was occasioned by other waters col-lected by the ditch the verdict should be for the defendant,—which would have been a palpable error.

So the answer to the 5th point was properly qualified by adding to the point, If the jury believe that the defendant did not con-tribute to the damage by diversion of the natural flow of the drainage from the defendant's field.

Seeing no error,

The judgment is affirmed.