# Lunsford *v.* Walker.

*Action for Damages for Assault and Battery.*

1. *Justification, or self-defense; how pleaded.*—In trespass for an assault and battery, justification, or self-defense, must be specially pleaded (Code, § 2675), and can not be proved under the plea of not guilty.

2. *Self-defense; charges as to.*—In a prosecution for an assault and battery, or a civil action for damages, charges asked invoking the doctrine of self-defense, but ignoring the evidence which tends to show that the defendant was at fault in bringing on the difficulty, or which make his right to strike depend, not upon his *reasonable belief*, but upon his *belief* that it was necessary, are each properly refused.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

[Lunsford v. Walker.]

This action was brought by Guy Walker, a negro, against George Lunsford, a white man, to recover damages for an assault and battery; and was commenced on the 21st June, 1889. The only plea was, not guilty. The difficulty between the parties occurred in May, 1888, at the store of W. G. Lunsford, who was a son of the defendant, and under these circumstances: The plaintiff, who was a plasterer by trade, had done some work for the defendant, on which he claimed a balance of $19 was due him; and he had contracted to do some work on another house, but had not finished it; and he had procured some materials for the latter job from one Baldwin, promising to pay when he had a settlement with defendant. At the instance of Baldwin, plaintiff went with him to see defendant and try to effect a settlement; and an altercation between them then ensued, which resulted in the interference of W. G. Lunsford, who assaulted the plaintiff; and while they were fighting, the defendant struck plaintiff with a piece of board, knocking him senseless, and inflicting severe personal injuries. The plaintiff testified that he had no weapon at the time, and none was found on him when he was picked up and carried away; but the defendant's evidence tended to show circumstances which might have justified the belief that he was armed.

The court charged the jury, in effect, that under the pleadings, they were "bound to find for the plaintiff, if they believed the evidence;" that they could consider the evidence of provocation or wrongful conduct on the part of the plaintiff "only in mitigation of damages;" and that they should consider the case without regard to the difference in race or color of the parties. The defendant excepted to each part of this charge, and also to the refusal of each of the following charges, which were asked by him in writing: (1.) "If the jury believe from the evidence that plaintiff so conducted himself as to produce in the mind of the defendant the conviction that plaintiff had a pistol, and the intention to use it, then defendant had the legal right to use such force as was neceessary to prevent plaintiff from using the pistol; and if the jury believe from the evidence that he used no greater force than was necessary to prevent the apprehended attack with the pistol, then they may find a verdict for the defendant." (2.) "If the jury believe from the evidence that plaintiff's conduct was such as to produce in the mind of the defendant the conviction that plaintiff intended to do great bodily harm either to the defendant or his son, and that defendant used no more force in striking than the circumstances, as they appeared to him, made necessary to prevent the apprehended injury, if

[Lunsford v. Walker.]

injury was apprehended; then they may find a verdict for the defendant." (3.) "If the jury believe from the evidence that the defendant struck the plaintiff in self-defense, believing from plaintiff's conduct and the appearances that he was in danger of great bodily harm from the plaintiff, and the blow was not greater than was necessary to prevent the apprehended danger from the pistol; then the jury must find for the defendant."

The charges given, and the refusal of the charges asked, are assigned as error.

WARD & JOHN, for appellant.

S. L. WEAVER, and LANE & WHITE, *contra.*

COLEMAN, J.—If the defendant does not rely solely on a denial of the plaintiff's cause of action, he must plead specially the matter of defense. "Not guilty" puts in issue all the material allegations of the complaint.—Code, § 2675. It is a sound rule in pleading, that matter which goes to the complete justification of the charge must be specially pleaded, in order that the plaintiff may be prepared to meet it; and can not be given in evidence under the general issue.—2 Greenleaf on Ev. § 274. Justification must always be pleaded specially.—*Ib.* § 92; *Daniel v. Hardwick,* 88 Ala. 559.

The most common defense is, that plaintiff made the first assault, and this must be specially pleaded.—3 Phil. on Ev., 518; *Slaughter v. Doe,* 67 Ala. 494; *Phillips v. Kelly,* 29 Ala. 635.

There was no conflict in the evidence, that the assault and battery complained of was committed by the defendant upon the plaintiff. If the facts relied upon to justify the assault and battery had been specially pleaded, there might have been such a conflict in the testimony so as not to have authorized the affirmative charge given by the court at the request of the plaintiff. The only plea was the general issue, "not guilty." The assault and battery having been proven, and admitted by the defendant, there was no error in the charges given at the request of the plaintiff, and by the court of its own motion.

These principles of law justified the court in refusing the charges asked by the defendant. They were objectionable upon other grounds. The defendant's charges which were refused, utterly ignored all consideration of the evidence which tended to show that defendant was at fault in bringing on the difficulty. Furthermore, it is not the belief of the defendant merely, produced by the conduct of the plaintiff, which would

[Roebling Sons Co. v. Stevens Electric Company.]

justify a striking in self-defense. It must be a "reasonable belief," to justify an assault.

We fail to perceive how any injury could result to appellant from the caution given to the jury by the court.

Affirmed.