(94 South. 546)

KUYKENDALL v. EDMONDSON. (8 Div. 424.)

(Supreme Court of Alabama. Oct. 12, 1922. Rehearing Denied Dec. 7, 1922.)

**1. Appeal and error ⊚⟾701(2)—Refusal of special charges relating to buggy, not described in bill of exceptions exactly as its inspection impressed jury, not reviewed.**

In an administratrix's action for damages for the killing of her intestate, where a buggy in which deceased was shot, bearing marks indicating the angle whence the shots came, was not described in the bill of exceptions exactly and with like effect as its inspection impressed the jury, who, as shown by the bill were permitted by the trial court to view it, refusal of defendant's special charges relative thereto will not be reviewed.

**2. Death ⊚⟾54—Self-defense must be presented by special plea.**

Self-defense or justification in a civil suit must be presented by special plea, and not by the general issue.

**3. Death ⊚⟾54—Plea of justification must set forth matter constituting full defense.**

A plea of justification must set forth matter constituting a full defense or a bar to the prosecution of the action to judgment.

**4. Death ⊚⟾54—Defense admitting homicide must be specially pleaded.**

The material allegations of a complaint under the homicide statute (Code 1907, § 2486) being those showing defendant's wrongful act causing the death, and the damages being punitive, and not compensatory, every defense admitting defendant to have been prima facie guilty of the homicide must be specially pleaded, but any matter going to show that defendant did not commit the act may be given in evidence under the general issue.

**5. Death ⊚⟾21—Elements of self-defense stated.**

To establish self-defense, defendant must not only have entertained an honest and bona fide belief in the actual or apparent necessity of acting as and when he did, but the circumstances surrounding him at the moment before and at the time of the doing of the act resulting in the homicide must have been such as to impress a reasonable man so circumstanced with the belief of imminent peril to his life or limb.

**6. Death ⊚⟾60—Evidence as to place of homicide held relevant.**

Evidence as to the place of the homicide complained of, the location of defendant's and deceased's houses, and the place where the witness first saw deceased just after the shooting, held relevant facts shedding light on the questions of venue, and the necessity of deceased to pass defendant's home.

**7. Death ⊚⟾57—Deceased's declarations showing hostility inadmissible under general issue.**

In an action for damages for a wrongful killing, evidence of declarations by deceased not part of the res gestæ, tending to show his hostility and purpose to attack defendant were properly excluded, where sought to be adduced under the general issue, though competent under an appropriate special plea of self-defense.

**8. Evidence ⊚⟾272—Evidence of declaration against interest tending to show defendant's guilt of homicide held competent, though evidence of deceased's hostility was excluded.**

In an action for damages for the wrongful killing, evidence of a declaration against interest by defendant, susceptible of the inference, when considered with other evidence, that he was the perpetrator of the homicide, was competent, though the court excluded evidence tending to show deceased's hostility toward him.

**9. Death ⊚⟾58(1)—Burden of proving self-defense on defendant.**

In an action for damages for the wrongful killing, where defendant, testifying in his own behalf, admitted that he intentionally killed deceased with a shotgun, the burden of proving self-defense under a proper special plea was cast on him.

**10. Trial ⊚⟾29(1)—Court's remarks on slowness of defendant's counsel held not reversible error.**

In an administratrix's action for damages for the wrongful killing of her intestate, the court's remarks to counsel, in trying to expedite the trial, "Go ahead; the killing is admitted," in response to an objection by defendant's counsel that "This is repetition; what is the use of taking up time proving all these things?" and "You are mighty late in making the objection," etc., held not reversible error.

**11. Trial ⊚⟾28(2)—Permitting jury to inspect buggy in which deceased was riding when shot held within court's sound discretion in action for death.**

In an action for damages for the wrongful killing of one who was riding in a buggy past defendant's home when shot, permitting the jury to inspect the buggy, which bore marks indicating the angle whence the shots came, was within the court's sound discretion.

**12. Criminal law ⊚⟾413(2)—Flight may not be explained by self-serving declaration.**

Flight may be explained, but not by self-serving declarations, as by what defendant stated he instructed the members of his family to do in summoning him when the sheriff came.

**13. Appeal and error ⊚⟾1060(1)—No reversal for mere general observation in argument.**

The Supreme Court will not reverse because of a mere general observation in argument to the jury.

Appeal from Circuit Court, Marshall County; O. A. Steele, Judge.

Action by Mary M. Edmondson, as administratrix of David M. Edmondson, deceased, against C. Kuykendall. From a judgment for plaintiff, defendant appeals. Affirmed.

For opinions on former appeals, see 200 Ala. 650, 77 So. 24; 205 Ala. 265, 87 So. 882.

⊚⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Count 4 of the complaint is as follows:

"(4) The plaintiff, as administratrix of David M. Edmondson, deceased, claims of the defendant $25,000, as damages for that, heretofore, to wit, on or about the 20th day of July, 1915, the plaintiff's said intestate was passing near the home of the defendant in Marshall county, Ala., and the defendant then and there wrongfully killed plaintiff's intestate, the said David M. Edmondson, by shooting him with a gun, to plaintiff's great damage as aforesaid. The plaintiff avers that the matters and things averred and set out in this count arose out of, or relate to, the same subject-matter, as embraced and included in count 1 of the original complaint."

John A. Lusk & Son and Street & Bradford, all of Guntersville, for appellant.

Only in homicide cases, or attempts to take life, is it necessary for the defendant to set up that he was actually and honestly impressed with the belief that he was in peril of life or limb. 15 Ala. App. 519, 74 South. 82; 186 Ala. 56, 64 South. 609. The averment in defendant's plea that he was in his own dwelling or the curtilage thereof was an excuse for not averring that he retreated or could not retreat. 8 Ala. App. 129, 63 South. 38; 96 Ala. 34, 11 South. 296; 7 Mayf. Dig. 825; 201 Ala. 512, 78 South. 866. When there is nothing in the issues presented to warrant the proof offered, it is properly excluded. 10 R. C. L. 925; 73 Fla. 269, 74 South. 479. The burden of proof in an action for wrongful killing is on the plaintiff to show that the killing was wrongful; it was error to exclude testimony of deceased's conduct and declaration tending to show hostility toward defendant. 200 Ala. 650, 77 South. 24; 198 Ala. 449, 73 South. 642; 161 Ala. 529, 49 South. 874; Code 1907, § 2486; Suth. Dam. § 151; 38 Ala. 622; 92 Ala. 209, 9 South. 363; 2 Greenl. Ev. (16th Ed.) § 93. Provocation may be shown in mitigation of damages under the plea of not guilty. 57 Tex. Civ. App. 512, 124 S. W. 202; 82 W. Va. 270, 95 S. E. 941, 16 A. L. R. 761; 127 Va. 578, 104 S. E. 800, 16 A. L. R. 768. Remarks of the trial judge, calculated to create in the mind of the jury the belief that the defendant was reluctantly proceeding with the trial, were prejudicial. 178 N. C. 687, 100 S. E. 348, 10 A. L. R. 1116; 219 Ill. 330, 76 N. E. 499; 99 Miss. 47, 54 South. 665, Ann. Cas. 1913C, 1256; 199 Ala. 411, 74 South. 454. The court having refused the defendant the right to show previous ill will on the part of deceased, it was error to permit plaintiff to aggravate damages by showing previous declarations by defendant. 200 Ala. 650, 77 South. 24; 129 Ala. 57, 30 South. 76; 26 R. C. L. 1018. The defendant had the right to explain or deny flight or attempted flight. 1 Mayf. Dig. 331. It was error to give the affirmative charge for plaintiff. 124 Ala. 427, 26 South. 898, 82 Am. St. Rep. 186;

122 Ala. 641, 26 South. 136; 2 Mayf. Dig. 661.

E. O. McCord & Son, of Gadsden, and Thomas E. Orr, of Albertville, for appellee.

Where the plea of self-defense is not interposed, facts and circumstances disconnected with the actual killing, though pertaining to former difficulties or threats by the deceased, are not admissible. 15 Ala. App. 121, 72 South. 599; 197 Ala. 193, 72 South. 316; 177 Ala. 12, 59 South. 171; 14 Ala. App. 327, 70 South. 206; 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305. Since the bill of exceptions does not contain all the evidence, there can be no reversal on the ground that it was error to give the affirmative charge. 205 Ala. 204, 87 South. 796.

THOMAS, J. Former appeals are reported in 200 Ala. 650, 77 South. 24, 205 Ala. 265, 87 South. 882. There were special pleas of self-defense on former trials and before this court. The last trial was had on count 4 and the general issue.

[1] The bill of exceptions shows that the buggy in which deceased was shot, bearing marking thereon indicating the angle whence the shots came, by permission of trial court was viewed by the jury. We cannot say that the same is described in the bill of exceptions in exact manner and to a like effect as did its inspection impress the jury; hence the refusing of special charges requested by defendant in writing will not be reviewed. Alabama Power Co. v. Fergusen, 205 Ala. 204, 87 South. 796. See Folmar Mercantile Co. v. Town of Luverne, 203 Ala. 363, 83 South. 107; United States, etc., Co. v. Granger, 172 Ala. 546, 55 South. 244; L. & N. R. R. Co. v. Jenkins, 196 Ala. 136, 72 South. 68.

[2, 3] Self-defense or justification in a civil suit is a matter to be presented by a special plea and not by the general issue. Rhodes v. McWilson, 192 Ala. 675, 69 South. 69; Morris v. McClellan, 154 Ala. 639, 45 South. 641, 16 Ann. Cas. 305; Mitchell v. Gambill, 140 Ala. 316, 37 South. 290; Lunsford v. Walker, 93 Ala. 36, 38, 8 South. 386— these cases being civil actions for damages caused by assaults and battery. Womack v. Bird, 51 Ala. 504, was for trespass for taking personal property. The most common defense is that plaintiff made first assault, and this must be specially pleaded. Phillips v. Kelly, 29 Ala. 628, 635; Slaughter v. Doe ex dem. Swift, 67 Ala. 494. This is an application of the rule that a plea of justification must set forth matter, which, if proved, would constitute a full defense or a bar to the prosecution of the action to judgment. Chitty, Pl. 500; Harrison v. Davis, 2 Stew. 350.

In Slaughter v. Doe ex dem. Swift, supra, where the defense offered was not a denial of the right of action, Judge Stone adverted

to section 2988 of the Code of 1876 (carried into section 5331, Code 1907), declaring that the statute has defined the extent to which the plea of not guilty can be made available; and, aside from the cases indicated therein, if the pleader does not rely solely on a denial of the cause of action, the matter of defense must be specially pleaded. Norton-Crossing Co. v. Martin, 202 Ala. 569, 81 South. 71; L. & N. R. R. Co. v. Bartee, 204 Ala. 539, 86 South. 394, 12 A. L. R. 251; Rhodes v. McWilson, supra; Barrett v. City of Mobile, 129 Ala. 179, 30 South. 36, 87 Am. St. Rep. 54; Daniel v. Hardwick, 88 Ala. 557, 7 South. 188; Finch's Executors v. Alston, 2 Stew. & P. 83, 86, 23 Am. Dec. 299; Milman v. Dolwell, 2 Campbell (Lord Ellenborough) 378, 379; Will's Gould on Pl., pp. 97a, 97b, 98a, 98b; 1 Chitty, Pl. 415, 492; 2 Greenl. on Ev. § 274; Pendleton v. Norfolk & W. R. Co., 82 W. Va. 270, 95 S. E. 941, 16 A. L. R. 761 et seq.; 2 R. C. L. § 57, p. 576.

[4] The plea of not guilty puts in issue "all the material allegations of the complaint" in "actions for defamation, or for injuries to the person, or to real or personal property." In the instant action, under the homicide statute (Code, § 2486), the claim is for such damages as the jury may assess for the wrongful act of defendant causing the death of plaintiff's intestate; and "all the material allegations of the complaint" are those showing the wrongful act of defendant causing the death for which the suit is brought; and, the damages being punitive and not compensatory (L. & N. R. R. Co. v. Bogue, 177 Ala. 349, 58 South. 392; Gulf States Steel Co. v. Justice, 204 Ala. 577, 87 South. 211; Allen v. Alger-Sullivan Lumber Co., 204 Ala. 92, 85 South. 278; L. & N. R. R. Co. v. Cross, 205 Ala. 626, 88 South. 908; L. & N. R. R. Co. v. Phillips, 202 Ala. 502, 80 South. 790; Renfroe v. Collins & Co., 201 Ala. 489, 78 South. 395; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 South. 604; Hull v. Wimberly & Thomas Hdw. Co., 178 Ala. 538, 59 South. 568; T. C. I. & R. R. Co. v. Herndon, Adm'r, 100 Ala. 457, 14 South. 287), it follows that every defense admitting the defendant to have been prima facie guilty of the homicide must be specially pleaded; that any matter which goes to show that defendant did not commit the act complained of may be given in evidence under the plea of the general issue (2 Greenl. on Ev. [15th Ed.] § 625; Suell v. Derricott, 161 Ala. 259, 49 South. 895, 23 L. R. A. [N. S.] 996, 18 Ann. Cas. 636; Bean v. Stephens, ante, p. 197, 94 South. 173).

This is not in conflict with the rule applied in Karter v. Fields, 130 Ala. 430, 30 South. 504 (action of trespass to personalty); Kinston Supply Co. v. Kelly, 200 Ala. 151, 75 South. 899 (for destruction of landlord's lien); Williams v. Noland, 205 Ala. 63, 65, 87 South. 818 (for redemption).

[5] In special pleas 2 to 8, inclusive, are averred facts attempting to show (1) freedom from fault; (2) imminent peril to defendant's life and limb; and (3) necessity, which embraces the rule of retreat. The facts averred and on which are sought to be rested the elements of self-defense—freedom from fault and retreat (Madry v. State, 201 Ala. 512, 78 South. 866)—were properly alleged in some, if not in all, of said pleas. This is not the fact as to the sufficiency of averment, in the matter of facts showing imminent peril or the reasonable appearance thereof, of defendant at the time of the homicide. Glass v. State, 201 Ala. 441, 78 South. 819. As elements of self-defense, not only must a defendant (a) have entertained an honest and bona fide belief of the existence of the necessity, actual or apparent, to act as and when he did; (b) but the circumstances surrounding the actor at the moment before and that of the doing of the act resulting in the homicide must have been such as to impress a reasonable man, so circumstanced, with the belief of imminent peril to his life or limb. Hill v. State, 194 Ala. 11, 28, 69 South. 941, 2 A. L. R. 509; Matthews v. State, 192 Ala. 1, 4, 68 South. 334; Poe v. State, 155 Ala. 31, 46 South. 521; Jones v. State, 76 Ala. 8, 17; Storey v. State, 71 Ala. 329.

[6] The place or venue of the homicide, the location of the houses of the defendant and of the deceased, the place where the state's witness, the son of deceased, first saw the father in the buggy, etc., just after he was shot, were relevant facts, shedding light upon the questions of venue in that county with two divisions of the circuit court, the necessity of the deceased to pass the home of the defendant in returning to his home by the public road from Albertville, and in so doing tending to show proximity of the parties to or in the public highway, or to the respective homes of the parties. No error was committed in rulings on evidence in relation to such questions of fact.

[7] Defendant and the deceased had had previous difficulties. No error was committed in refusing to allow defendant's questions calling for the details thereof or declarations of the parties. Under an appropriate special plea of self-defense (not under the general issue) evidence tending to show declarations on the part of deceased that were susceptible of the inference by jury of hostile feeling and purpose of the deceased of attacking the defendant would have been competent. Kuykendall v. Edmondson, 200 Ala. 652, 77 South. 24. In the former trial there was such special plea. No such plea is now disclosed by the record. There was no error in exclusion of such evidence, sought to be adduced by defendant under the general issue by Smith and other witnesses; such evidence not being of facts and declarations

a part of the res gestæ of the homicide. Smith v. State, 197 Ala. 193, 72 South. 316; Jackson v. State, 177 Ala. 12, 59 South. 171.

[8, 9] There was evidence by the witness Holsenbrook, of a declaration against interest by defendant that was susceptible of the inference, when considered with the other evidence, that defendant was the perpetrator of the homicide. The admission of this evidence was competent, though the court excluded defendant's evidence tending to show the hostility of deceased. Smith v. State, 197 Ala. 193, 72 South. 316; Allsup v. State, 15 Ala. App. 121, 124, 72 South. 599, and authorities. The defendant as a witness in his own behalf admitted that he intentionally killed the deceased with a deadly weapon, a shotgun. Thus was the burden of going forward with the evidence (Starks v. Comer, 190 Ala. 245, 253, 67 South. 440; Lawson v. Mobile Elec. Co., 204 Ala. 318, 322, 85 South. 257) of self-defense, under a proper special plea, assumed by, and under the law cast upon, defendant (Gibson v. State, 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; 1 Mayfield, Dig. 810).

[10] The remark of the court to counsel, "go ahead; the killing is admitted," was in trying to expedite the trial, and was in response to an objection on the part of defendant's counsel, "That is repetition; what is the use taking up time proving all these things?" There was no reversible error in this, or in other remarks of the court, as, "You are going mighty slow;" "You are mighty late in making the objection."

[11] The permission of inspection by the jury of the buggy in which deceased was riding at the time he was shot by defendant was a matter of the exercise of a sound discretion by the trial court. This discretion was not abused.

[12] Flight may be properly explained, not, however, by self-serving declarations, as what defendant stated he instructed members of his own family to do, in summoning him, when the sheriff came. Hill v. State, supra; Hill v. State, 156 Ala. 3, 46 South. 864; Williams v. State, 105 Ala. 96, 17 South. 86; Oliver v. State, 17 Ala. 587, 595. In Goforth's Case, 183 Ala. 66, 63 South. 8, the words and acts of the defendant while away from the community of the crime were held competent as tending to explain the reason for his absence. Such was not the effect of the declarations of the defendant not permitted in evidence.

[13] The argument of counsel for plaintiff was not reversible error, since it was merely a general observation in argument to the jury, for which we will not reverse. No good purpose will be subserved by prolonging the discussion of the evidence, warranting the instructions of the court.

The judgment of the circuit court is af-firmed, since under the pleading and evidence the general affirmative charge given for plaintiff was warranted, and there was no error in overruling the motion.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.