**FUHRMAN v. WOLF.   (7 Div. 385.)**

(Supreme Court of Alabama.   April 26, 1923.)

1. Appeal and error ⬀1050(1)—Inquiry as to how many shells plaintiff had when he started to hunt held not prejudicial error.

Where, in an action for assault and battery committed while plaintiff was hunting on defendant's premises, plaintiff testified that he did not raise his gun at defendant and did not have any shells left, it was not prejudicial error in permitting plaintiff's counsel to ask him how many shells he had when he "started off" hunting.

2. Trial ⬀295(5)—Definition of self-defense held not erroneous when whole charge considered.

In an action for assault and battery, an oral charge that, if jury are not satisfied that plaintiff was free from fault in bringing on the difficulty and were satisfied that defendant and plaintiff had a fight and that the latter was cut, then the jury need go no further on the question of self-defense, since plaintiff could not then recover under the doctrine of self-defense, and further stating that defendant had a right to strike if a necessity existed, and he was free from fault, and that if the peril to defendant, if it existed, had ceased, defendant had no right to strike, held, that there was no error in defining self-defense when the whole charge is considered.

⬀For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Assault and battery ☞43(5)—Instruction held not erroneous as leaving imposition of damages to unbridled discretion of jury.**

In an assault and battery action, an instruction allowing plaintiff to recover for physical pain, mental anguish, lost time, doctor bills, and in addition authorizing jury to assess an amount as punishment to deter defendant from committing a like offense, and that they should impose such amount fairly without prejudice, and that these items, added together, would be the amount of the verdict, *held* without error under the evidence and did not leave the imposition of punitive damages to the unbridled discretion of the jury, and as disassociated from the fact of aggravation as shown by the evidence.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action for damages for an assault and battery by John Wolf against D. L. Fuhrman. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

Appellee and a companion were hunting on the lands of appellant. · Appellant, with a knife and a stick in his hands, approached the pair and stated they must get off his premises. As the three walked off together, appellee, who was behind the other two, remarked that it was a "dog-goned sorry man was wouldn't let a fellow kill a rabbit," or words to that effect; whereupon, according to appellee's evidence, appellant, turning, replied with an oath that if appellee "didn't like it, help yourself," ran into appellee, jerked appellee's gun from his shoulder, and started cutting him. According to appellant's contention, when appellee made the remark stated, he turned and saw appellee with shotgun raised and in the act of striking appellant, when appellant warded off the blow with his arm, after which the difficulty ensued.

The appellee, having testified that he and his companion had been hunting rabbits, that their dog had run a rabbit onto appellant's land and they had gone after it, that he had a gun and his companion had a gun and a rabbit, and that he (appellee) had no shells in his gun or on his person, was asked, "How many shells did you start off hunting with?" Appellant objected to the question, the court overruled the objection, and appellee answered, "Started off with five."

In addition to that quoted in the opinion, appellant excepted to the following portions of the court's oral charge:

"If you are not satisfied that he was free from fault in bringing on the difficulty, and are satisfied they had a fight, and plaintiff was cut by defendant, you need not go further on the question of self-defense, because, unless he was free from fault, he cannot recover under the doctrine of self-defense."

"There should be at the time of the ·assault and battery a necessity; while it did exist, and the defendant was free from fault, he had a right to strike."

"If you should find from the evidence the peril to the defendant, if he was ever in peril, had ceased to exist at the time of the assault and battery, he had no right to strike, because, when the necessity to strike ceases, the right to strike also ceases."

Hood & Murphree, of Gadsden, for appellant.

The question and answer with reference to how many shells appellee started out with was incompetent and prejudicial. The oral charge of the court required of appellant too high a degree of proof in establishing his plea of self-defense. Torrey v. Burney, 113 Ala. 504, 21 South. 348; L. & N. R. Co. v. Sullivan Timber Co., 126 Ala. 103, 27 South. 760; Greenwood Café v. Walsh, 15 Ala. App. 519, 74 South. 82; Blankenship v. State, 11 Ala. App. 125, 65 South. 860; Montgomery L. & T. Co. v. Harris, 197 Ala. 236, 72 South. 545; Central of Georgia Ry. Co. v. Barnitz, 17 Ala. App. 201, 84 South. 474; Reid v. S. S. S. & I. Co., 177 Ala. 262, 58 South. 301. It was error to instruct the jury that an absolute necessity to strike must have existed to justify appellant in striking appellee. Glass v. State, 201 Ala. 441, 78 South. 819; Minor v. State, 16 Ala. App. 401, 78 South. 317. The oral charge of the court invaded the province of the jury in assuming that the facts warranted the award of punitive damages, and left the awarding of such damages to the whim of the jury. Montgomery L. & T. Co. v. Harris, supra; Central of Georgia Ry. Co. v. Barnitz, supra; B. R., L. & P. Co. v. Coleman, 181 Ala. 484, 61 South. 890; 5 C. J. 705; Cox v. B. R., L. & P. Co., 163 Ala. 172, 50 South. 975.

Alto V. Lee and W. J. Boykin, both of Gadsden, for appellee.

When the whole of the court's oral charge is read, there was no error in the excerpts excepted to. Noblin v. State, 100 Ala. 13, 14 South. 767; McGehee v. State, 52 Ala. 224; Johnson v. State, 141 Ala. 37, 37 South. 456; Verberg v. State, 137 Ala. 73, 34 South. 848; Goley v. State, 87 Ala. 57, 6 South. 287.

THOMAS, J. [1] 1. There was no prejudicial error in permitting plaintiff's counsel to ask him how many shells he had when he "started off" hunting.

[2] 2. The question of self-defense to a civil action for assault and battery has been considered by this court. The authorities were recently collected in Kuykendall v. Edmondson, 208 Ala. 553, 94 South. 546 (2, 3). The exceptions to portions of the oral charge are specifically reserved. Knowles v. Blue (Ala. Sup.) 95 South. 481.[1] When the whole charge is considered, there is no error

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 27.

in the defining of self-defense in such action. Kuykendall v. Edmondson, 208 Ala. 553, 94 South. 546 (2, 3), 548 (5).

[3] 3. The charge of the court on punitive damages, embracing that to which exception was reserved, is:

"If the plaintiff is entitled to recover, he is entitled to damages for the physical pain and mental anguish he endured, if any, as the result of the assault and battery, and, in addition, to the lost time shown by the evidence, at whatever that time is disclosed by the evidence to be worth. He is also entitled to recover, if at all, the amount of his doctor bill and whatever he had to expend to heal and cure himself from the wounds inflicted, and, in addition, you may, if you think you ought, impose such punishment—assess an amount as punishment against this defendant as will deter him from committing a like offense, and whatever you impose, impose it fairly, without prejudice or passion, and all those items, added together, would be the amount of your verdict."

The charge, when referred to the evidence, was not erroneous. The injuries were inflicted by cutting plaintiff with a knife in the manner and to the extent clearly shown by the evidence. The rules of this court relating to instructions as to punitive damages, when malice is or is not shown, need not be here repeated. Wilkinson v. Searcy, 76 Ala. 176, 180, 181; Cook v. Southern R. Co., 153 Ala. 118, 45 South. 156; Coleman v. Pepper, 159 Ala. 310, 313, 49 South. 310; Cox v. B. R. L. & P. Co., 163 Ala. 170, 172, 50 South. 975; S. A. L. Ry. Co. v. Standifer, 190 Ala. 260, 67 South. 391; Howton v. Mathias, 197 Ala. 457, 463, 73 South. 92; Comer v. Advertiser Co., 201 Ala. 159, 77 South. 685; Jones v. Woodward Iron Co., 203 Ala. 66, 82 South. 26; Parisian Co. v. Williams, 203 Ala. 378, 83 South. 122; First Nat. Bank v. Stewart, 204 Ala. 199, 85 South. 529, 13 A. L. R. 302.

The foregoing instruction was without error. It did not leave the imposition of punitive damages to the unbridled discretion of the jury and as disassociated from the fact of aggravation shown by the evidence.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.