(97 South. 224)

## ALABAMA POWER CO. v. ALFORD.
### (7 Div. 384.)

(Supreme Court of Alabama.    May 10, 1923.
Rehearing Denied June 28, 1923.)

1. **Waters and water courses ⬉119(4)—Street railroad embankment held not a "city or village lot and its improvement for building" within rule as to surface waters.**

An embankment for street railroad tracks located within a city is not a "city or village lot and its improvement for building," within the exception to the rule, borrowed from the civil law, that a landowner is liable for obstructing the natural drainage of surface waters to the injury of adjoining lands; and hence a street railroad company which negligently allows a culvert under such embankment to become clogged so that surface waters collect on the upper lands is liable for the resulting damage.

2. **Waters and water courses ⬉119(4) — Street railroad company held liable for obstructing flow of surface waters through drainpipe in embankment.**

A street railroad company maintaining its track on an embankment through which a drainpipe passes, carrying surface waters from the higher adjacent land, is liable to the owner of such land, where it negligently allows the pipe to become clogged, in consequence of which the adjacent property is injured by water after a heavy rain.

3. **Appeal and error ⬉1053(1)—Improper admission of evidence later withdrawn held not reversible error.**

Where defendant's counsel objected to improper evidence offered by plaintiff, but it went in on assurance of plaintiff's counsel that it would be made relevant, and plaintiff later withdrew it, and there was no further objection or exception by defendant, no reversible error appears.

4. **Trial ⬉260(1)—Refusal of proper charge not reversible error where substantially covered in charges given.**

Under the direct provisions of Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815, the refusal of a charge, though a correct statement of the law, is not cause for reversal, if the rule involved was substantially and fairly given in the general oral charge and in written charges at the instance of the party making the request.

5. **Appeal and error ⬉997(3)—Where the evidence is conflicting and the jury made a view, denial of affirmative charge will not be reviewed.**

Where the evidence is conflicting on material points and would warrant a verdict for plaintiff and the jury viewed the premises, a refusal to give an affirmative charge will not be reviewed.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action for damages by O. H. Alford against the Alabama Power Company. From

---

a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 450, Acts 1911. Affirmed.

Hood & Murphree, of Gadsden, for appellant.

Appellant owed no duty to appellee, for that the general rule giving flowage rights for surface waters does not apply under the artificial conditions created by the building of cities, improvement of lots, etc. Hall v. Rising, 141 Ala. 431, 37 South. 586; Shahan v. Brown, 179 Ala. 425, 60 South. 891, 43 L. R. A. (N. S.) 792; Crabtree v. Baker, 75 Ala. 94, 51 Am. Rep. 424; Nininger v. Norwood, 72 Ala. 277, 47 Am. Rep. 412; Farris v. Dudley, 78 Ala. 124, 56 Am. Rep. 24. It was error to admit the statement by plaintiff to Dallas Payne with reference to opening the pipe. La Fayette Ry. Co. v. Tucker, 124 Ala. 514, 27 South. 447; Standard M. C. Co. v. McMahon, 203 Ala. 158, 82 South. 188; Belmont C. & R. Co. v. Smith, 74 Ala. 206; McCoy v. Watson, 51 Ala. 466.

Goodhue & Goodhue, of Gadsden, for appellee.

The doctrine in reference to improving and building upon city lots without regard to the diverting of surface water flowing there across, has no application to a railroad built through a municipality upon an embankment. Sou. Ry. Co. v. Lewis, 165 Ala. 555, 51 South. 746, 138 Am. St. Rep. 77; A. G. S. v. Killian, 17 Ala. App. 124, 82 South. 572; 40 Cyc. 644.

MILLER, J. This is a suit by O. H. Alford, appellee, against the Alabama Power Company, a corporation, appellant, for damages on account of negligently failing to keep unclogged a drainage pipe extending through its embankment in the city of Gadsden, on which embankment was located its street railway roadbed, and through which surface waters flowed. Plaintiff's lot adjoined this roadbed, and was drained of surface water through this pipe, and as a result of the drainage pipe being clogged the surface water overflowed plaintiff's lot and damaged it.

There was judgment in favor of plaintiff on a verdict of a jury for damages, and this appeal is prosecuted by the defendant from that judgment.

There were three counts in the complaint. Demurrers were sustained by the court to count 1, and overruled to counts 2 and 3.

Counts 2 and 3 aver that defendant maintained and operated a street railroad located partly on top of a fill or embankment in the city of Gadsden, and that the surface water from the adjacent lot of plaintiff and from other adjacent lots and lands naturally flowed toward this fill or embankment of the defendant; this fill or embankment diverting the natural flow of the surface water. The defendant on February 9, 1921, and for a long time prior thereto, had maintained a pipe or culvert under this fill, through which, when kept open, surface waters from plaintiff's lot and the adjacent lots and lands were taken care of and flowed through. These counts also aver that defendant negligently allowed the pipe or culvert to become clogged and negligently allowed it to remain in that condition for a long time prior to February 9, 1921; that defendant had knowledge or notice of this condition of the pipe for three months prior thereto; and that as a proximate consequence of defendant negligently permitting the pipe to become clogged, and negligently allowing it to remain in that condition, on February 9, 1921, after a heavy rainfall, plaintiff's adjoining lands were overflowed, washed, damaged, etc.

In Crabtree v. Baker, 75 Ala. 93, 51 Am. Rep. 424, Chief Justice Brickell, writing for the court, stated this rule:

"There is much diversity of opinion in judicial decision, and among the text-writers, as to the principles which should govern in reference to such water, termed surface water, in distinction from the water of a stream, and from subterranean or hidden water. The principle this court has adopted, borrowed from the civil law, is, that the owner of higher land has a servitude or natural easement upon the lower adjoining land for the discharge of all surface water flowing naturally thereon from the higher land, and the owner of the lower land cannot prevent or obstruct the natural passage of such water to the injury of the higher land. Hughes v. Anderson, 68 Ala. 280; Nininger v. Norwood, 72 Ala. 277; following in this respect the cases of Kauffman v. Griesemer, 26 Pa. 407, and Martin v. Riddle, Ib. 415, which were reaffirmed in Mays v. Hinkleman, 68 Pa. 324. The weight of authority, perhaps, is in accordance with this doctrine, with an exception as to city or village lots and their improvement for building."

[1, 2] The exception to the rule is "as to city or village lots and their improvement for building." This fill or embankment of the defendant on which is built and over which is operated its street railway appears from these counts to be in the city of Gadsden, but the fill or embankment is not a city or village lot under the averments of either count of the complaint for building purposes. The fill or embankment was not made for improvement, for a building, on a city or village lot. This court has followed the civil law rule, and in 40 Cyc. p. 644, headnote 27, we find this general rule:

"But under the civil law rule it is the duty of a railroad to provide for surface water by means of ditches, drains, culverts, etc., and the company is liable for any injury resulting from its failure to make proper provision."

This fill or embankment of the defendant was made and maintained for a railroad bed and track on which its street cars could run. From these counts it does not appear to have been an ordinary city lot for building or for improvement for building. It does appear in

each count that the defendant maintained then and for a long time prior thereto a pipe under this fill or embankment, to allow the water to flow through; that the defendant negligently allowed this pipe to become clogged, and the defendant had notice of its clogged condition, yet the defendant negligently allowed it to remain in that condition, and as a proximate consequence thereof after a heavy rainfall plaintiff's property was damaged and injured by water which could not flow through this clogged pipe of the defendant.

Neither counts 2 nor 3 allege facts which would bring this fill or embankment within the exception to the rule declared supra in Crabtree v. Baker, 75 Ala. 93, 51 Am. Rep. 424. See, also, Farris v. Dudley, 78 Ala. 124, 56 Am. Rep. 24; Southern Ry. v. Lewis, 165 Ala. 565, 51 South. 746, 138 Am. St. Rep. 77; Ex parte Tenn. C. & I. R. Co., 206 Ala. 403, 90 South. 876.

These counts [2 and 3] each state a cause of action, and the court did not err in overruling the demurrers of the defendant to them.

The defendant pleaded in short by consent to these counts, (1) General issue, (2) statute of limitations, and (3) contributory negligence, under agreement that appropriate matter in replications to the pleas may be introduced in evidence.

[3] The plaintiff testified:

"I said something to Mr. Dallas Payne about it [meaning about cleaning the pipe out]. I didn't know what place he held with the company. I see he is on the track a good deal. I just asked him wouldn't he see if he could get them to open this pipe for me. I tried to get him to come down here."

Defendant objected to the statements of the witness about what he said to Dallas Payne, and plaintiff's counsel stated that he would make it relevant, and the statements were allowed to remain in evidence. Afterwards the attorney for the plaintiff stated to the court: "We want to withdraw the testimony in regard to the notice to Dallas Payne." The defendant did not object to the questions which called for that testimony; no motion was made to exclude the statements; there was no ruling of the court on this matter, no exception was reserved by the defendant, and the plaintiff withdrew this testimony afterwards. If error, it was not reversible, as there was no exception reserved and the testimony was withdrawn from the consideration of the jury by the plaintiff.

[4] Written charges 1 and 2, separately requested by the defendant, were each refused by the court. This same rule of law, involved in these refused charges, was substantially and fairly given to the jury in the court's general oral charge; and written charges 1, 2, 3, 4, 7, 8, and 10, requested by the defendant and given by the court, covered the field embraced in these refused charges. Section 5364, Code 1907, as amended in Gen. Acts 1915, p. 815. The defendant requested the court in writing to give in its favor the general affirmative charge with hypothesis, which was refused by the court.

The bill of exceptions states:

"The jury at the request of the defendant visited the premises and viewed the property and pipe testified about in this case."

There was evidence that the obstruction that caused the overflow was in the end of the 12-inch pipe of defendant, which drained the water under and through this fill or embankment. There was also evidence that the city put a 15-inch terra-cotta pipe underneath the street and ran it up to and joined it in a straight line with this 12-inch pipe of the defendant; and the evidence tended to show this 15-inch pipe of the city was filled and stopped up at its mouth, and where it joined the 12-inch pipe. Nick Littlefield, witness for defendant, testified:

"This same pipe has been there about 10 years. * * * This pipe under the car line was the pipe that carried the water and was kept open and maintained by the car line there operated, and when it was opened the water flowed through it there."

[5] The evidence was in conflict on material matters in issue by positive proof or by reasonable inferences that could be drawn from proven facts. There was evidence, if believed by the jury, that would entitle plaintiff to recover. The jury visited the premises, viewed the property, the embankment, and the surroundings; what they saw we have not seen, and for these reasons we must hold the court did not err in refusing this general affirmative charge with hypothesis, requested by the defendant. McMillan v. Aiken, 205 Ala. 35, h. n. 9, 11, 88 South. 135; Warble v. Sulzberger Co., 185 Ala. 603, h. n. 2, 64 South. 361; Kuykendall v. Edmondson, 208 Ala. 553, 94 South. 546, h. n. 1.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

All the Justices concur.