# Rhodes v. McWilson.

## False Imprisonment.

(Decided May 20, 1915.    69 South. 69.)

1. *False Imprisonment; Issues; Justification.*—Where an action of unlawful arrest and false imprisonment was tried on the plea of the general issue only, there could be no justification of the arrest complained of, and the only proper inquiry was as to the defendant's responsibility for the unlawful arrest and the amount of damages to be assessed, if any.

2. *Trespass; Realty; Ownreship.*—Where the plaintiff owned the premises, and through mistake, the defendant built a house thereon, the plaintiff might rightfully enter and take possession if neither the defendant, nor any of his tenants were in actual possession, although defendant had posted warnings not to do so; and the subsequent disputed possession of defendant, or his tenant, asserting hostile rights, could not effect an ouster so as to render plaintiffs continued entries and occupancy a violation of the provisions of section 7827, Code 1907.

3. *Arrest; Grounds; Breach of Peace.*—Where the defendant, through mistake, had built a house on premises belonging to the plaintiff, a statement by the plaintiff of his general intentions to continue his entries into the house, did not constitute a threat to commit a breach of the peace, nor an act in the presence of an officer threatening a violation of general law, in such sense as to authorize his arrest without a warrant.

4. *Same.*—In such circumstances, a statement of plaintiff to an officer that he had entered the house after a warning not to do so, was not a confession of his violation of the criminal law.

5. *Same; Grounds.*—The presence of the owner on his own premises on which, through mistake, defendant had built a house, was not an offense in the presence of an officer authorizing an arrest, where plaintiff had not been warned to keep off the premises.

6. *False Imprisonment; Evidence; Damage.*—The circumstances under which the arrest and detention of plaintiff were accomplished, were admissible either in aggravation or in mitigation of damages.

7. *Trespass; Exemplary Damages.*—In the action of trespass to either person or property, exemplary damages may be given where the act is oppressive, committed with excessive force, or under circumstances of insult or outrage, or in known violation of the law.

8. *False Imprisonment; Issues; Damages.*—Where there was evidence that defendant's manner was angry when he caused the plaintiff to be arrested, that he threatened to put plaintiff in the coal mines, and that he knew that plaintiff was the owner of the land, the court properly submitted to the jury the question of exemplary damages because of the unlawful arrest and false imprisonment.

9. *Same; Evidence.*—Where defendant had built a house on plaintiff's land through mistake, and the plaintiff had entered at a time when neither defendant nor his tenant were in actual possession, and defendant told an officer that if plaintiff persisted in going on the premises, he having declared such to be his intention, he wanted him arrested, the arrest immediately afterwards may be said to have been proximately caused by defendant's request.

10. *Same.*—In the absence of a plea of justification, in an action in the circuit court for unlawful arrest and false imprisonment, a city ordinance authorizing officers to arrest without warrants in certain cases not authorized by a state law was not admissible to show that plaintiff's arrest was lawful.

11. *Same; Proof and Variance.*—Where the action was for unlawful arrest and detention on a charge of trespass after warning, a docket of the recorder's court showing that plaintiff was tried on the charge of trespass, even if it concerned the charge on which plaintiff was arrested, was an immaterial variance; and the failure to prove a detention for two days, as alleged, was also immaterial, since that was merely one element of damage.

12. *Same; Jury Question; Malice, Etc.*—On the evidence in this case the question of malice and want of probable cause were for the jury.

13. *Appeal and Error; Harmless Error; Instructions.*—Any error in refusing to charge for defendant as to counts charging unlawful arrest and false imprisonment with malice and without probable cause, was harmless, where the damages under the other counts charging the same offense but without malice, and omitting probable cause, might have been exactly the same.

14. *False Imprisonment; Damages; Instruction.*—Where no damages were claimed on account of defendant's act in throwing out plaintiff's cot and bedding, an instruction that plaintiff could not

recover therefor, might well have been given as requested, although no prejudicial error occurred by its refusal.

15. *Same; Verdict; Instruction.*—If the court properly directed a finding for plaintiff if the jury believe the evidence, and also gave them the form of their verdict if they so found, defendant was not entitled to any instruction as to the form of the verdict if they found for him.

16. *Same; Evidence; Matters After Arrest.*—Where the action was for unlawful arrest and false imprisonment, the record and proceedings in the recorder's court following the arrest, were admissible.

17. *Same; Damages.*—Where the action was for unlawful arrest and false imprisonment on a charge of trespass after warning, the plaintiff was not entitled to damages for defendant's malicious prosecution of the charge.

18. *Same; Evidence.*—In such an action the manner of defendant, prosecutor at the trial in the recorder's court, whether angry or otherwise at that time, was irrelevant.

19. *Appeal and Error; Harmless Error; Impeaching Witness.*—Where the action was for unlawful arrest and false imprisonment, no error prejudicial to defendant intervened in the action of the court in refusing to allow defendant, on the cross-examination of plaintiff, to show his bias and prejudice by showing that he had prosecuted defendant for trespass, and had sued him civilly, since plaintiff's bias was otherwise sufficiently apparent.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Thomas McWilson against J. Turner Rhodes for a false imprisonment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under section 6, Acts 1911, p. 45.

The complaint is in four counts, two of which charge unlawful arrest and imprisonment, and two charging the same wrong with malice and without probable cause. Ten special pleas in justification were filed, to each of which a demurrer was interposed and sustained, and the case was tried on the general issue only.

In a certain block in Birmingham lots 13, 14, and 15 are in a tier, 13 being on the south side. Plaintiff owned 13 and the south half of 14, and defendant owned the north half of 14 and all of 15. Defendant's predecessor in title, intending to build a small house on his

own land, mistakenly built it so that the entire house was on plaintiff's land, excepting a small triangular section on the north side about four feet in width at its large end and tapering to nothing at the other end. Before the discovery of the mistake, defendant had a tenant in the actual occupancy of the house. When this tenant left the premises were vacant, and plaintiff took actual possession of the house by moving a cot therein and sleeping there at night. When defendant heard of this, he went to the house and moved the cot out on the front porch and posted notices on the premises forbidding trespassing. About this time, and after plaintiff had also posted warning against trespassing, defendant leased the house to another tenant, who began to move some of his things in just about the day that plaintiff was arrested. Defendant went to the house and threw out plaintiff's cot and tore down his notice. This was the day of plaintiff's arrest, and was the only occasion upon which defendant saw and talked to plaintiff about the house. Plaintiff was arrested on his own property near the house. A policeman who made the arrest says he did it at the request of defendant on a charge of trespassing. Defendant testified:

"I turned to McWilson and said to him, 'If you go into the house again, I will have you arrested.' He replied, 'I am going in there again; you can have me arrested. I am acting on the instructions of my lawyer.' Then, after he said that he would go in there again, one of the officers asked me if I wanted him arrested, and I said, 'Yes; if he is going to be persistent in going on this property, why I want him arrested.' Then they arrested him and took him."

Plaintiff went into the house after he had seen defendant's warning notice.

The trial judge instructed the jury to find for plaintiff if they believed the evidence, and there was verdict and judgment for plaintiff in the sum of $12.50.

HORACE C. WILKINSON, for appellant.

FRANCIS M. LOWE, for appellee.

SOMERVILLE, J.—(1) The cause being tried under plea of the general issue only, and the action being in trespass, there could be no justification of the arrest complained of; and the only proper inquiries were as to defendant's responsibility for the arrest, and, if responsible, the amount of damages to be assessed.— *Womack v. Bird,* 51 Ala. 504; *Lunsford v. Walker,* 93 Ala. 36, 8 South. 386; 19 Cyc. 360.

(2) The undisputed evidence shows that plaintiff entered and took possession of the house in question at a time when neither defendant nor any of his tenants was in its actual possession. He was the owner of the premises, and had a right to enter, in spite of defendant's posted warning not to do so, if he did not violate the possession of an actual occupant.

Thereafter the ''scrambling possession defendant or his tenants, if any of them came on the premises asserting a hostile right, could not effect an ouster of plaintiff so as to render his continued occupancy and entries, though in the face of the posted warning, a violation of the criminal statute (Code, § 7827). It is, of course, well settled by our decisions, in accordance with the policy of the statute, that the defendant's superior title is no defense to a charge of trespass after warning where the prosecutor was at the time of the warning and of the entry in the actual possession of the premises.—*Lawson v. State,* 100 Ala. 7, 14 South 870; *Wright v. State,* 136 Ala. 139, 34 South. 233. But

that principle can have no application to the facts of this case, for it must be regarded as elementary law that the owner of premises, having the present right of possession, may always take peaceable possession of his property then vacant, regardless of the warnings of an absent claimant, however soon the latter may intend to reassert a former possession. Plaintiff was not, under all the evidence, guilty of the crime for which he was arrested. We do not overlook the recital of the record that defendant was not allowed to ask plaintiff if he did not enter the house by a window on the north side, and that defendant referred in his testimony to a window on the north side through which plaintiff first entered the house. But that fact, if it was a fact, was irrelevant, and not competent to show that plaintiff went upon defendant's land, since ·a part of the north side of the house was on plaintiff's land, and there was nothing to suggest that the window in question was not also on his land.

(3) It is suggested that plaintiff may nevertheless have been lawfully arrested, though without a warrant, because he was threatening to commit a breach of the peace in the presence of the arresting officer. It might be a sufficient answer to say that, in fact, he was neither charged with nor arrested for that offense, but specifically for a trespass after warning. But we think it is clear that plaintiff's statement of his general intention to continue his entries into the house was in no sense a threat to commit a breach of the peace—at least not under the circumstances here shown. Nor was it an act done in the officer's presence which threatened a violation of general law, as predicated in the cited case of *Jones v. State,* 100 Ala. 88, 14 South. 772.

(4) Plaintiff's statement to the officer that he had entered the house after being warned not to do so was

[Rhodes v. McWilson.]

by no means a confession that he had violated the criminal law, as assumed by defendant's counsel.

(5) The assumption is erroneous also that plaintiff's presence on his own land—lot 13 and the south half of 14—was an offense in the presence of the officers, since he had not been warned to keep off of those lots.

(6) The circumstances under which the arrest and detention of plaintiff were accomplished, though not available under the pleadings as a justification, were nevertheless admissible either in aggravation or in mitigation of the damages, as the jury might regard them.

(7) In actions of trespass to either person or property, exemplary damages may be given when the act was oppressive, or when the act was committed with violence, or rudely, or with excessive force, or under circumstances of insult or outrage, or in known violation of the law.—*Ex parte Birmingham Realty Co.,* 183 Ala. 444, 63 South. 67.

(8) There was some evidence that defendant's manner was angry at the time he instigated plaintiff's arrest, and that he threatened to "put him in the coal mines;" and also that he knew that plaintiff was the owner of the land. Under all the evidence, we cannot say that the question of exemplary damages should not have been submitted to the jury. Moreover, a verdict for $12.50 does not indicate that defendant has suffered any injury from that source.

(9) It is insisted that defendant's instigation vel non of plaintiff's arrest by the officer was a question of fact for the jury, and hence the giving of the general affirmative charge for plaintiff was erroneous. As we interpret the evidence, however, defendant's causative responsibility must be declared as a matter of law. According to his own statement, he told the officer, who was asking for instructions, that if plaintiff was going

to persist in going on this property, he wanted him arrested; and, as plaintiff had just declared that intention, and the condition specified by defendant had actually arisen, plaintiff's arrest, which immediately followed, and which the officer testified was in response to defendant's request, was in law its proximate and necessary result.

(10) Section 839 of the City Code of Birmingham, authorizing arrest by officers without warrants in certain cases not authorized by any state laws, was not admissible in evidence to show a lawful arrest of plaintiff, in the absence of a plea of justification. We do not hold that it would have been inadmissible under an appropriate plea. See *Gambil v. Schmuck,* 131 Ala. 321, 31 South. 604.

(11) The docket of the recorder's court showed that plaintiff was tried on a charge of trespass, and it is urged that this amounted to a variance as to the second count of the complaint, which specifies a charge of trespass after warning. The gravamen of the action is the unlawful arrest and detention of plaintiff, and the variance noted would not be material. However, the charge entered by the recorder has nothing to do with the charge upon which plaintiff was arrested, which was trespass after warning. Nor can a variance be predicated on the failure to prove a detention of two days, as alleged, since that was merely one element of damages.

(12) As already shown, the questions of malice and probable cause were for the jury, and the trial judge was not in error in refusing to charge for defendant on the third and fourth counts of the complaint.

(13) And, even if technically erroneous, there would have been no material injury to defendant, since the

damages under the other counts might have been exactly the same.

(14) There was no claim for damages for the throwing out by defendant of plaintiff's cot and bedding, which occurred before the arrest. So an instruction to the jury that that could not be recovered for in this action might well have been given, as requested by defendant, though its refusal might not be prejudicial error.

(15) The trial judge properly instructed the jury to find for the plaintiff if they believed the evidence, and also repeated to them the form of their verdict if they so found. The defendant then requested in writing an instruction to the jury as to the form of their verdict, if they found for defendant. He had no right to such an instruction under the circumstances, and its refusal was not error.

(16) There was no error in receiving in evidence for plaintiff the recorder's record of the proceedings and judgment following the arrest.—19 Cyc. 366, 367, and numerous authorities cited.

(17) However, plaintiff was not entitled to recover any damages for the malicious prosecution of the charge against him by defendant; and, as expressly ruled in *Oates v. McGlaun*, 145 Ala. 656, 39 South. 607, the refusal of an instruction to that effect for defendant was reversible error.

(18) The manner of defendant at the trial in the recorder's court, whether angry or otherwise, was not relevant to the issues of this case, and should have been excluded on defendant's objection.

(19) We do not think it was of material consequence that defendant was not allowed on the cross-examination of plaintiff to show his bias and prejudice as a witness by eliciting the facts that he had prosecuted

[Rhodes v. McWilson.]

defendant for trespass, and sued him civilly, etc. Surely plaintiff's bias was sufficiently apparent without such proof.

We have treated either generally or with particularity all of the propositions insisted upon in the brief of counsel, and what has been said should be a sufficient guide for the trial court upon another trial. ·

For the errors noted, the judgment will be reversed, and the cause remanded. ·        ·

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SAYRE, JJ., concur.