(94 South. 754)

## STANDARD OIL CO. v. DAVIS.
### (6 Div. 540.)

(Supreme Court of Alabama. Oct. 12, 1922. Rehearing Denied Dec. 7, 1922.)

1. **False imprisonment** ⬥2—**Wrongful arrest constitutes false imprisonment.**

A wrongful arrest or detention is unlawful, and constitutes a false imprisonment.

2. **False imprisonment** ⬥7(4)—**Test of responsibility stated.**

As respects liability for wrongful arrest, the inquiry is whether defendant or his agent directed, commanded, or in any way instigated the arrest, and whether such conduct was a material factor in causing the officer to make the arrest, for if the officer acts solely upon his own judgment and initiative, defendant would not be responsible, even though he had directed or requested such action, and even though actuated by wrongful motives.

3. **False imprisonment** ⬥39—**General affirmative charge on issue of responsible causation held properly refused.**

In action against corporation for false imprisonment, *held* that defendant was not entitled to the general affirmative charge on the issue of responsible causation of the arrest, in view of the presence and activity at the time of the arrest of the corporation's agent, and his statement to plaintiff, "We have decided to arrest you."

4. **False imprisonment** ⬥15(3)—**Corporation may be liable for its agent's ratification of officer's arrest.**

If plaintiff was arrested by an officer, without probable cause, and if the jury could have inferred from the conduct of the defendant corporation's agent, who was present, that he then and there approved and ratified the officer's act, defendant would not have been entitled to an instruction that it could not be held liable for the arrest.

5. **False imprisonment** ⬥7(4)—**Liability for false arrest does not depend on an express command.**

One may be the responsible instigator of an arrest without expressly commanding, requesting or directing it; hence, in a false imprisonment case, an instruction, requested by defendant, that the phrase, "caused plaintiff to be arrested," as used in the complaint, meant that defendant commanded, requested, or directed plaintiff's arrest, was properly refused as misleading.

6. **False imprisonment** ⬥20(2, 3)—**Plea held a mere denial of matter admissible under general denial.**

In action for false imprisonment, demurrers were properly sustained to special pleas setting up that the arrest complained of was made by the officer of his own volition, without direction or request from defendant, since that was but a denial of an essential element of plaintiff's case, and provable under the general issue.

---

**7. Appeal and error** ☞1040(7)—**Sustaining demurrers to pleas held not reversible.**

It was not reversible error to sustain demurrers to pleas, where the same matter as set up therein was set up in another plea, to which demurrer was overruled and on which defendant went to the jury.

**8. Trespass** ☞40(5) — **Punitive damages recoverable, although not specially claimed.**

In actions of trespass, punitive damages may be awarded, if the evidence warrants it, although not specially claimed in the complaint, and there is no allegation of malice, wantonness, or aggravation of any sort.

**9. False imprisonment** ☞4—**Malice inferable from unlawful arrest without probable cause.**

Malice may be inferred from the fact of an unlawful arrest, if made without any probable cause for believing the plaintiff guilty of the crime charged.

**10. False imprisonment** ☞15(3)—**Authority of corporation's agent to cause arrest implied.**

On evidence that a corporation's agent was superintendent of tank wagons and filling stations for the corporation in a city, and looked after its business generally, his authority to cause an arrest or prosecution of one stealing the money of the company from a filling station in that city could be implied.

**11. False imprisonment** ☞35—**Corporation may be liable in punitive damages for agent's act.**

If corporation's agent in the course of his service acts wrongfully and in a legal sense maliciously in causing an arrest for an alleged crime against the corporation's property, the corporation is legally responsible for such conduct even to the extent of punitive damages.

**12. False imprisonment** ☞13—**Want of probable cause not shown by acquittal.**

Acquittal of one accused of crime does not tend to show want of probable cause for believing him guilty of the offense charged.

**13. False imprisonment** ☞4—**Malice not inferable from acquittal.**

Malice may be inferred from want of probable cause, but not from the mere fact of acquittal.

On Rehearing.

**14. Trial** ☞145 — **Instruction eliminating cause of action not pleaded may be required.**

While generally parties have no right to have a jury instructed upon causes of action not involved in the case on trial, yet where the case on trial has some element or elements in common with some other cause of action, so that confusion may arise in the minds of the jury as to the issues involved, an eliminative instruction may be insisted upon.

**15. False imprisonment** ☞40 — **Instruction eliminating malicious prosecution held applicable.**

Where the complaint claimed only for false imprisonment, but plaintiff himself testified, over defendant's reasonable objection, that it

was not a recoverable element of damages, that the arrest complained of resulted in a criminal prosecution, and that he "had to appear in open court" to defend himself against the charge on which arrested, defendant was entitled to requested instruction that there could be no finding for plaintiff for malicious prosecution; such instruction not being abstract.

**16. False imprisonment** ☞40—**Instruction on want of probable cause held applicable.**

In false imprisonment case, it was error to refuse defendant's requested instruction that an acquittal does not tend to establish a want of probable cause, where, although there was no direct testimony that plaintiff was acquitted, no one could read plaintiff's testimony without drawing the assured inference that he had been acquitted, so that the charge could not be regarded as abstract.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for wrongful arrest by W. T. Davis against the Standard Oil Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 9 of the complaint is as follows:

"Plaintiff claims of defendant $3,000 for that heretofore, on, to wit, May 5, 1919, the defendant's agent or servant, viz. W. N. Benton whose name to the plaintiff is otherwise unknown, while acting within the line and scope of his employment, wrongfully caused the plaintiff to be arrested and imprisoned by Ross Thomas, a police officer, on a charge of burglary and grand larceny.

"And the plaintiff says that as a proximate result of said wrong he was deprived of his liberty for a long time, to wit, one day, was compelled to remain under bond for his appearance at court for a long time, to wit, four days, and was greatly frightened, humiliated, and chagrined, and was caused to appear in open court to defend said charge before divers persons, and was made nervous and sick, and caused to suffer mental anguish, and was compelled to pay out a large sum of money to attorneys to defend him against said charge, all to his damage aforesaid."

Tillman, Bradley & Baldwin, of Birmingham, and Huey & Welch, of Bessemer, for appellant.

If the arrest was the result of the act on his own volition of the chief of police, after investigation by him, the plaintiff cannot recover. 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32. Punitive damages are not claimed in the complaint, malice is not alleged, no circumstances of aggravation are shown, no fact that could connect this defendant with this case is shown, unless it be the bare act of Benton, and this would not and could not fix liability on defendant for punitive or exemplary damages. 192 Ala. 675, 69 South. 69; 183 Ala. 444, 63 South. 67; 147 U. S. 101, 13 Sup. Ct. 261, 37 L. Ed. 97; 7 Ala. 622;

69 Ala. 373, 44 Am. Rep. 519; 99 Ala. 19, 10 South. 238; 11 Ala. 492. On the pleading and evidence in this case there could be no recovery for malicious prosecution, and the defendant was entitled to an instruction to that effect. 205 Ala. 529, 88 South. 855; 192 Ala. 675, 69 South. 69; 145 Ala. 656, 39 South. 607; 16 Ala. 62; 19 Ala. 760; 39 Ala. 345; 52 Ala. 272; 103 Ala. 345, 15 South. 663, 49 Am. Rep. 32; 101 Ala. 165, 13 South. 297; 153 Ala. 375, 44 South. 979; 133 Ala. 275, 32 South. 499. The mere fact that plaintiff was tried and acquitted of the offense in question does not tend to establish want of probable cause, nor authorize the inference of malice. 10 Ala. App. 543, 65 South. 724. Charges on the propositions that acquittal does not tend to show want of probable cause, and that there could be no recovery for malicious prosecution, were not abstract, and these cases are sound: 192 Ala. 675, 69 South. 72; 145 Ala. 656, 39 South. 607; 10 Ala. App. 543, 65 South. 724.

Goodwyn & Ross, of Bessemer, for appellee.

Charges that an acquittal does not tend to show want of probable cause, or show malice, invade the province of the jury, and were bad. 97 Ala. 308, 12 South. 374; 14 Ala. App. 208, 69 South. 247. The charge that there could be no recovery for malicious prosecution was abstract, misleading, and properly refused. 97 Ala. 308, 12 South. 374; 186 Ala. 70, 65 South. 332. The cases in 145 Ala. 656, 39 South. 607, and 192 Ala. 675, 69 South. 69, should be overruled.

SOMERVILLE, J. [1] The ninth count of the complaint, upon which alone the case went to the jury, was not subject to any of the grounds of demurrer. A wrongful arrest or detention is unlawful, and constitutes a false imprisonment. Hotel Tutwiler Co. v. Evans (Ala. Sup.) 94 South. 120,[1] citing C. of G. Ry. Co. v. Carlock, 196 Ala. 659, 72 South. 261; Strain v. Irwin, 195 Ala. 414, 70 South. 734.

The arrest in this case was made by the chief of police of Bessemer, and the main issue of fact was whether or not one Benton, defendant's local agent, participated in the arrest in such wise as to impose liability upon defendant.

[2] The principles upon which liability is based in such cases have been carefully and clearly stated by this court in Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32, and need not to be restated at length. The inquiry is: (1) Whether or not the defendant or his agent directed, commanded, or in any way instigated the arrest; and (2) whether such conduct, if shown, was a material factor in causing the officer to make the arrest. Of course if the officer acts sole-

ly upon his own judgment and initiative, the defendant would not be responsible even though he had directed or requested such action, and even though he were actuated by malice or other improper motive. Rich v. McInerny, supra, 103 Ala. 357, 15 South. 663, 49 Am. St. Rep. 32.

[3, 4] On the testimony of Benton, the agent and of Thomas, the officer, if there were nothing else to be considered, defendant would clearly have been entitled to the general affirmative charge on the issue of responsible causation of the arrest. But plaintiff's own testimony was that at the time of, or just preceding, the arrest, Benton, who was present with the officer, came over to plaintiff and said, "We have decided to arrest you." In view of Benton's presence and activity, and of this statement (if the jury believed he made it), the jury might have found that Benton was personally and directly participating in the arrest. And, if they found that the arrest was made by the officer without probable cause therefor, they might have inferred from Benton's conduct that he then and there approved and ratified the act of the officer. On such findings of fact, defendant would not have been entitled to an instruction that it could not be held liable for the arrest.

[5] Very clearly, we think, a person may be the responsible instigator of an arrest without expressly commanding, requesting, or directing it. So the instruction requested by defendant that the phrase "caused plaintiff to be arrested," as used in the complaint, means that defendant commanded, requested, or directed plaintiff's arrest, was at least misleading, and for that reason properly refused. 25 Corpus Juris, 470, § 34.

[6, 7] There was no prejudicial error in sustaining demurrers to defendant's several special pleas setting up the fact that the arrest complained of was made by the officer of his own volition, without direction or request from defendant, since that was but a denial of an essential element of plaintiff's case, and proof of it was available under the general issue. Strain v. Irwin, 195 Ala. 414, 70 South. 734; Rhodes v. McWilson, 192 Ala. 675, 69 South. 69. Moreover, the same matter, substantially, was set up in plea 3, to which the demurrer was overruled, and upon which defendant went to the jury.

[8] In actions of trespass punitive damages may be awarded, if the evidence warrants it, although not specially claimed in the complaint, and there is no allegation of malice, wantonness, or aggravation of any sort. Wilkinson v. Searcy, 76 Ala. 176; Johnson v. Collier, 161 Ala. 204, 49 South. 761; Mitchell v. Gambill, 140 Ala. 316, 37 South. 290.

[9] And it is well settled that malice may be inferred from the fact of an unlawful arrest, if made without any probable cause for believing the plaintiff guilty of the crime charged. Jordan v. A. G. S. R. R. Co., 81

[1] Ante, p. 252.

Ala. 220, 226, 8 South. 191; Gambill v. Schmuck, 131 Ala. 321, 333, 31 South. 604.

[10, 11] The evidence showed that Benton was superintendent of tank wagons and filling stations for defendant company in Bessemer, and looked after its business generally, He was the responsible representative of the company, and in the conduct of that part of its business may be said to have been its alter ego. Hence his authority to cause an arrest or prosecution of one who stole the money of the company from a filling station in Bessemer may well be implied; and if in the course of such a service he acted wrongfully and (in any legal sense) maliciously, his principal would be legally responsible for such conduct, even to the extent of punitive damages. 25 Corpus Juris, 500, §§ 73–75; A. F. & I. Co. v. Rice, 187 Ala. 458, 65 South. 402; Robinson v. Greene, 148 Ala. 434, 43 South. 797.

Defendant was entitled to the instruction requested by it that in this case there could be no finding for the plaintiff for malicious prosecution, the complaint claiming only for a false imprisonment. Rhodes v. McWilson, 192 Ala. 675, 69 South. 69; Oates v. McGlaun, 145 Ala. 656, 39 South. 607.

[12, 13] It is a sound rule of law, well supported by the authorities, that the acquittal of one accused of crime does not tend to show a want of probable cause for believing him guilty of the offense charged. The reason is obvious enough; for an acquittal is based upon any reasonable doubt of the defendant's guilt on all the evidence; while probable cause for accusing him is based upon a reasonable belief in his guilt growing out of such information as may be available to the accuser at the time he makes the charge. The subject is fully and admirably discussed by Walker, P. J., in Fowlkes v. Lewis, 10 Ala. App. 543, 65 South. 724, 730, and we approve the reasoning and conclusion in that case. It results that the trial court erred in refusing to instruct the jury, at defendant's request, that an acquittal does not tend to establish a want of probable cause. So, while malice may be inferred from the want of probable cause, it cannot be inferred merely from the fact of an acquittal; and defendant was entitled to an instruction to that effect, as duly requested.

We have not treated separately all of the questions presented by the assignments of error, and have omitted any consideration of numerous minor questions of evidence which will hardly recur in the same form on another trial. What we have said will, however, be a sufficient guide as to the important issues in the case.

For the errors noted, the judgment will be reversed, and the cause will be remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

On Rehearing.

SOMERVILLE, J. Appellee's argument on application for rehearing is based upon two contentions: (1) That the cases of Oates v. McGlaun, Rhodes v. McWilson, and Fowlkes v. Lewis, cited in the opinion as authority for reversal of the trial court for the refusal to give the two charges there referred to, are wrong in principle, and should be overruled; and (2) that, in any event those charges were abstract in this case, and were for that reason properly refused.

[14] A reconsideration of the principles underlying those cases convinces us that they are correct. It is of course to be conceded that parties have no right in general to have a jury instructed upon causes of action not involved in the case on trial. But where the case on trial has some element or elements in common with some other cause of action, so that confusion may arise in the minds of the jury as to the issues involved, an criminative instruction may be insisted upon. That is evidently the theory upon which Oates v. McGlaun, supra, was ruled.

[15] In the instant case, plaintiff himself testified, over defendant's seasonable objection that it was not a recoverable element of damage, that the arrest complained of resulted in a criminal prosecution, and that he "had to appear in open court" to defend himself against the charge upon which he was arrested. In that state of the evidence, without the instruction requested against any recovery as for a malicious prosecution, the jury might have found that the resulting prosecution was malicious, and that defendant was responsible for it and for the added humiliation and injury it entailed, and so have increased the damages awarded. The instruction was certainly not abstract.

[16] As to the other instruction on the effect of acquittal of the charge made against plaintiff by defendant, it is true that there was no direct testimony that plaintiff was acquitted. Yet no one can read plaintiff's testimony without drawing the assured inference that he had been acquitted. That was our own conclusion, and we may infer that it was the jury's also. The charge in question cannot be regarded as abstract.

Application overruled.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.