(96 South. 629)

## STANDARD OIL CO. v. HUMPHRIES.
### (6 Div. 759.)

(Supreme Court of Alabama. May 17, 1923.)

**1. False imprisonment ⬅️20(1)—Complaint against corporation held sufficient.**

A count in an action for false imprisonment against a corporation charging that defendant's agent or servant, while acting within the line and scope of his employment, wrongfully caused plaintiff to be arrested and imprisoned, *held* sufficient as against demurrer.

**2. False imprisonment ⬅️20(3)—Issues held limited to employer's responsibility for arrest and damages.**

In an action for false imprisonment against a corporation tried on a count alleging that defendant's agent or servant, while acting within the line and scope of his employment, wrongfully caused plaintiff's arrest, the only proper inquiries were as to defendant's responsibility for plaintiff's arrest, and, if responsible, the amount of damages to be awarded.

**3. False imprisonment ⬅️39—General affirmative charge held properly refused.**

In an action against a corporation for false imprisonment, tried on a count charging that defendant's agent or servant, while acting within the line and scope of his employment, wrongfully caused plaintiff's arrest, evidence *held* to warrant the refusal of a general affirmative charge for defendant.

**4. Trial ⬅️260(6)—Refusal of charges as to probable cause held not erroneous in view of given instructions.**

In an action for false imprisonment, the refusal of requested charges that want of probable cause cannot be inferred from the failure of the prosecution of the plaintiff, and that an acquittal does not tend to establish want of probable cause, *held* not erroneous in view of the given charge that neither malice nor want of probable cause can be inferred from the failure of the prosecution of the plaintiff.

**5. False imprisonment ⬅️34—Damages for mental suffering recoverable.**

Damages for mental suffering, when alleged, are recoverable in an action for false imprisonment.

**6. Evidence ⬅️151(1)—Plaintiff may not testify he suffered mental anguish.**

One suing for false imprisonment will not be allowed to testify that he suffered mental anguish, that he was nervous, or that he was frightened.

**7. False imprisonment ⬅️39—Damages for mental suffering, including nervousness and fright, held for jury.**

In an action for false imprisonment, requested charges that plaintiff should not be allowed to recover damages for nervousness or fright, both being alleged in the complaint to have resulted from the false arrest alleged, and defendant claiming that there was no proof of such damages, *held* properly refused, though plaintiff was not allowed to testify that he suffered mental anguish, and that he was nervous or frightened; it being for the jury, on the whole evidence in the case, to say whether plaintiff suffered mental pain, including nervousness and fright.

**8. False imprisonment ⬅️4—Malice held not essential to recovery of actual damages for unlawful detention.**

In an action for false imprisonment, charges making plaintiff's right to recover depend on proof of malice *held* properly refused, it appearing that in the sole count upon which the cause went to the jury there was no allegation of malice; the gist of the count being unlawful detention, which, being supported by the proof, entitled plaintiff to recover actual damages, even though there was no malice.

**9. False imprisonment ⬅️40—Instructions on malicious prosecution held properly refused as inapplicable.**

In an action tried on a count charging false imprisonment, defendant's requested charges defining liability for malicious prosecution *held* properly refused as inapplicable.

**10. False imprisonment ⬅️7(4), 40—Instruction on liability for arrest directed by agent held properly refused.**

In an action against a corporation for false imprisonment, based on the theory that defendant's agent had instigated the arrest, defendant's requested charge that, if the jury believed that the officer arrested plaintiff, and that he was not induced to make the arrest by the direction or request of the agent acting within the line and scope of his employment, it was immaterial whether such agent did or did not request or direct that the arrest be made, and, if he did, it was immaterial how malicious may have been his motive or how palpable the want of probable cause, *held* properly refused as being confused and self-contradictory, and as proceeding on the erroneous theory that, in order to recover, plaintiff must prove defendant's agent directed or requested the officer to arrest plaintiff.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. False imprisonment ⚖⇒27—Evidence held admissible to show agent instigated arrest.**

In an action against a corporation for false imprisonment, where plaintiff's theory was that defendant's agent, acting within the line and scope of his authority, had instigated the arrest, evidence that the agent was present at the time and place of the arrest, and that after he and the police officer had talked together the officer called plaintiff over and said, "We have decided to put you under bond," and that the agent nodded his head, was admissible.

**12. False imprisonment ⚖⇒36—$1,000 damages held allowable.**

In an action for false imprisonment where plaintiff, although standing trial on the charge, was never taken into actual custody, verdict for $3,000 damages *held* excessive by $2,000.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action for damages for false imprisonment by W. S. Humphries against the Standard Oil Company. Judgment for plaintiff, and defendant appeals. Reversed conditionally.

Count A is as follows:

"Count A. Plaintiff claims of defendant $3,000 damages, for that theretofore, on, to wit, May 5, 1919, the defendant's agent or servant, viz. W. N. Benton, whose name to the plaintiff is otherwise unknown, while acting within the line and scope of his employment, wrongfully caused the plaintiff to be arrested and imprisoned by Ross Thomas, a police officer, on a charge of burglary and grand larceny. And plaintiff says that as a proximate result of said wrong he was deprived of his liberty for a long time, to wit, four days, and was greatly frightened, humiliated and chagrined, and was caused to appear in open court before the general public to defend said charge, and was made nervous and sick, and caused to suffer great mental anguish, and was compelled to pay out a large sum of money to attorneys to defend him against said charge, to his damage aforesaid."

Charges 1 and 2, refused to defendant, are as follows:

"(1) The court charges the jury that want of probable cause cannot be inferred from the failure of the prosecution of the plaintiff.

"(2) The court charges the jury that an acquittal does not tend to establish want of probable cause."

Given charge (a) is as follows:

"The court charges the jury that neither malice nor want of probable cause can be inferred from the failure of the prosecution of the plaintiff."

Refused charges, made the basis of assignments of error 14, 16, 18, 19, 20, and 22, are as follows:

"(14) In no event can the jury find a verdict for the plaintiff in this case if they believe from the evidence that there was no malice on the part of the defendant instituting the prosecution in this case toward the plaintiff.

"(16) The court charges the jury that, whether you believe from the evidence that the plaintiff was guilty of the charge preferred against him or not, if you are reasonably satisfied from the evidence that the prosecution was not maliciously and without probable cause therefor instigated by the defendant, it is your duty to return a verdict in favor of the defendant.

"(18) It matters not how causeless in fact may have been the prosecution; if defendant acted in good faith, and without malice, in perfecting the charge, this is a full defense to the action.

"(19) Malicious prosecution does not lie at the instance of the guilty party, and the right of recovery does not depend upon the innocent conduct of the plaintiff that there was no reasonable ground for believing him guilty when the prosecution was instituted.

"(20) The court charges the jury that the burden is on the plaintiff to reasonably satisfy you by the evidence that the defendant instituted the prosecution against the plaintiff; that the prosecution has been terminated, that W. N. Benton instituted it without probable cause, that W. N. Benton maliciously instituted such prosecution, that W. N. Benton in instituting such prosecution was the agent of the defendant, authorized by it to institute such prosecution, or that the defendant ratified his acts in starting such prosecution after it was started, and, if plaintiff has not so satisfied you by the evidence, you cannot find a verdict for the plaintiff.

"(22) The court charges the jury that, if you believe from the evidence that the chief of police of Bessemer arrested the plaintiff, and that the chief was not moved or induced to make the arrest by the direction or request of W. N. Benton while acting within the line and scope of his employment, it is immaterial whether Benton did or did not request or direct that the arrest be made, and, if he did, it is immaterial how malicious may have been his motive in giving it or how palpable the want of probable cause."

Tillman, Bradley & Baldwin, of Birmingham, and Huey & Welch, of Bessemer, for appellant.

Count A was subject to demurrer. Code 1907, p. 1198, form 19; Rhodes v. McWilson, 192 Ala. 675, 69 South. 69; Sanders v. Davis, 153 Ala. 375, 44 South. 979; Davis v. Sanders, 133 Ala. 275, 32 South. 499; Ragsdale v. Bowles, 16 Ala. 62; Sheppard v. Furniss, 19 Ala. 760; Holly v. Carson, 39 Ala. 345; Rhodes v. King, 52 Ala. 272; Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; Oates v. McGlaun, 145 Ala. 656, 39 South. 607; Oates v. Bullock, 136 Ala. 537, 33 South. 835, 96 Am. St. Rep. 38; C. of Ga. v. Carlock, 196 Ala. 659, 72 South. 261; Strain v. Irwin, 195 Ala. 414, 70 South. 734; Standard Oil Co. v. Humphries, 205 Ala. 529, 88 South. 855. In a case like this, want of probable cause cannot be inferred from

failure of prosecution, nor is it established by acquittal. Standard Oil Co. v. Davis, 208 Ala. 565, 94 South. 754; Fowlkes v. Lewis, 10 Ala. App. 543, 65 South. 724. If defendant acted in good faith and without malice, there can be no recovery. Code 1907, § 6269; Standard Oil Co. v. Humphries, 205 Ala. 529, 88 South. 855; authorities, ubi supra. The requested charge, set out in assignment 20, is a correct statement of the law applicable to this case, and should have been given. Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32; Standard Oil Co. v. Humphries, supra. The award of $2,500 damages was so excessive as to indicate bias or prejudice. Talley v. Whitlock, 199 Ala. 28, 73 South. 976; L. & N. R. Co. v. Rush, 208 Ala. 516, 94 South. 577; Du Pont Powder Co. v. Hyde, 201 Ala. 207, 77 South. 733.

Goodwyn & Ross, of Bessemer, for appellee.

The complaint in this case is a substantial copy of that held good in Standard Oil Co. v. Davis, 208 Ala. 565, 94 South. 754; C. of G. v. Carlock, 196 Ala. 659, 72 South. 261; Strain v. Irwin, 195 Ala. 414, 70 South. 734; Hotel Tutwiler v. Evans, 208 Ala. 252, 94 South. 120. The court is not required to repeat charges to the same effect. Acts 1915, p. 815. A lack of malice goes only to mitigation of damages. Boshell v. Cunningham, 200 Ala. 579, 76 South. 937; Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32. The verdict of the jury was not excessive. Parisian Co. v. Williams, 203 Ala. 378, 83 South. 122.

SAYRE, J. [1, 2] This is the second appeal in this cause. 205 Ala. 529.[1] The trial now under review was had on count A and several pleas amounting to the general issue. Appellant, defendant, attacks that ruling of the trial court sustaining the sufficiency of this count against demurrer. In Standard Oil Co. v. Davis, 208 Ala. 565, 94 South. 754, this court held a similar count good, and no sufficient reason now appears why that judgment should be changed or doubted. See, also, Epperson v. First Nat. Bank of Reform (Ala. Sup.) 95 South. 343.[2] As for the facts, under the pleadings in the cause the only proper inquiries were as to defendant's responsibility for plaintiff's arrest, and, if responsible, the amount of damages to be awarded. Rhodes v. McWilson, 192 Ala. 675, 69 South. 69, and authorities there cited.

[3] Appellant insists that it was due the general affirmative charge. This contention was made in Standard Oil Co. v. Davis, supra, a companion case, in which the evidence was substantially the same as it is here, and was there denied. The evidence has been

again examined, and the court is of opinion that the general charge was properly refused.

[4] Reversible error cannot be predicated of the refusal of charges which we have marked 1 and 2. They asserted correct propositions of law (Standard Oil Co. v. Davis, supra), but were substantially given in the charge designated by us as (a).

[5-7] Defendant requested charges to the effect that plaintiff should not be allowed to recover damages for nervousness or fright, both alleged in the complaint to have resulted from the false arrest alleged. It is urged, not that these were improper elements of damages, but that there was no proof of the damages so alleged. Damages for mental suffering, when alleged, are recoverable. Under the rule prevailing in this state plaintiff would not have been allowed to testify that he suffered mental anguish, that he was nervous, or that he was frightened. It is for the jury, therefore, upon the whole evidence in the particular case, to say whether plaintiff suffered mental pain, including, as we think, nervousness and fright. There was in this case evidence from which the jury may have inferred as a natural and usual consequence that plaintiff suffered in the respects alleged, and there was therefore no error in refusing the charges on this subject requested by defendant. 4 Mich. Dig. § 45, p. 639.

[8] Charges refused to defendant and made the subject of assignments of error 14 and 16 were due to be refused for the reason that they make plaintiff's right to recover to depend upon proof of malice. In count A, upon which alone the cause went to the jury, there was no allegation of malice, the gist of the count being its allegation of plaintiff's wrongful, that is, unlawful, detention. In such case plaintiff, his count being supported by the proof, was entitled to recover his actual damages, even though there was no malice. Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32. The same conclusion obtains in respect of the charge set out in assignment 18.

[9] The charges stated in assignments 19 and 20 would have been apt in a case of malicious prosecution; but count A, already referred to, charged false imprisonment, a different case. Standard Oil Co. v. Davis, supra.

[10, 11] Charge 22—that is, the charge stated in assignment of error 22—was confused and self-contradictory. It proceeds also upon the theory that in order to recover plaintiff must discharge the burden of proving that defendant's agent, Benton, directed or requested the chief of police to arrest plaintiff, whereas this court in Standard Oil Co. v. Davis, supra, said that "a person may be the responsible instigator of an arrest without expressly commanding, requesting, or directing it." Plaintiff's theory of the case, i. e., that defendant's agent, acting within the

line and scope of his authority, had instigated the arrest, had support in well-defined tendencies of the evidence. Defendant complains of the admission of plaintiff's evidence on this point. Our judgment is that it was competent, relevant, and material to show that defendant's agent, Benton, was present at the time and place of plaintiff's arrest, that, after Benton and the police officer talked together—the witness did not hear what was said—the officer called plaintiff over and said, "We have decided to put you under bond," and that Benton nodded his head. It is objected that the last phrase of plaintiff's testimony, as stated above, was volunteered by the witness. But the answer, made in response to a question by plaintiff, was relevant and material to the issues in the cause, and, that being the case, defendant's objection was properly overruled.

[12] The pleadings in this case limited the issues as we indicated in the beginning by our citation of Rhodes v. McWilson. Under the pleadings and the evidence the general affirmative charge requested by defendant was properly refused, as we have said. The motion for a new trial leaves to be considered only defendant's contention that the damages awarded were excessive—so excessive as to indicate bias, prejudice, or passion on the part of the jury. Assuming that defendant procured the arrest of plaintiff—a conclusion there was evidence to sustain—much might be said in favor of the proposition that defendant was abundantly justified in the course it took. But two juries have found the issues for plaintiff and have awarded exemplary damages. Upon consideration of all the circumstances the court here has concluded that the award resulted, not from bias, prejudice, or passion, but from a mistaken estimate by the jury of the proprieties of the case, and has decided, therefore, that the damages be reduced to a reasonable maximum, failing the acceptance of which by plaintiff, a reversal will be ordered. This conclusion is reached upon consideration of the strong case for justification—not pleaded, however, as we have noted, but admissible to rebut malice—and the fact that plaintiff was never taken into actual custody, though he did stand trial in the recorder's court of Bessemer. The court is of opinion that the sum of $1,000 is allowable under the circumstances. To this sum, if accepted, interest is to be added from the date of the judgment in the trial court, but without the penalty of 10 per cent. as in the recent cases of Montgomery L. & W. P. Co. v. Thombs, 204 Ala. 678, 87 South. 205, and U. S. Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 South. 732.

The judgment will accordingly be reversed, and the cause remanded, unless the plaintiff within 30 days shall remit damages in excess of $1,000; but, upon such remittitur being made and entered, the judgment as so reduced will be affirmed.

Reversed conditionally.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.