## FAIRFAX v. KING. (6 Div. 879.)

(Court of Appeals of Alabama. March 23, 1926.)

I. Physicians and surgeons ⬤═18(4) — Complaint alleging dentist's agent negligently failed to properly fit plaintiff with false teeth held to state cause of action against dentist.

Complaint alleging that dentist's agent or servant negligently failed to properly fit plaintiff with false teeth, causing her mental and physical pain, and permanent injury, *held* to state cause of action against dentist, though it was not alleged that defendant was negligent in employing agent, or that agent was not licensed dentist.

2. Pleading ⬤═8(17)—Averment that dentist's agent conducted himself in such a negligent and unskillful manner that plaintiff was not properly fitted with false teeth held not demurrable on ground that negligence was pleaded as conclusion.

Complaint alleging that dentist's agent "conducted himself in such a negligent and unskillful manner" that plaintiff was not properly fitted with false teeth *held* not demurrable on ground that negligence was pleaded as conclusion without averment of sufficient facts.

3. Appeal and error ⬤═1062(3)—Trial ⬤═145 —In action ex delicto against dentist for negligence in fitting false teeth, refusal of instruction that there was no claim for money paid for teeth held error and prejudicial.

In action ex delicto against dentist for agent's negligence in fitting false teeth, for which plaintiff had paid $50, refusal of instruction that there was no claim for such payment, and could be no verdict for any part thereof, *held* error, and prejudicial, since eliminative instruction may be insisted on where case has elements in common with some other cause of action so that jury may be confused as to issues.

4. Physicians and surgeons ⬤═18(6)—Plaintiff held to have burden of proving dentist's negligence in fitting false teeth.

In action ex delicto against dentist for his agent's negligence in fitting false teeth, burden was on plaintiff to prove negligence of defendant.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by Lelia King against H. H. Fairfax. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Count 2 of the complaint is as follows:

"Plaintiff claims of the defendant $5,000 as damages for that, heretofore during the month of November, 1922, the defendant was a practicing dentist in the city of Birmingham, Ala., and held himself out to the public as such, and as such undertook for a reward to perform certain dental work for the plaintiff, to wit, to fit her mouth with a set of false teeth, and the plaintiff avers that it became and was the duty of the defendant to use due care, skill, and diligence in the performance of said work, and the plaintiff avers that, notwithstanding said duty, an agent, servant, or employé of the defendant, namely ————, a practicing dentist working for and under the defendant, whose name is unknown to plaintiff, while acting within the line and scope of his authority as such, conducted himself in such a negligent and unskillful manner in and about the performance of said dental work that as a proximate consequence thereof plaintiff's mouth was not properly fitted with said false teeth, and plaintiff was caused to suffer great mental and physical pain, and her health was impaired, and she was permanently injured."

These grounds of demurrer were interposed to the count:

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(1) Same does not show that defendant breached any duty which he owed plaintiff. (2) Same does not show any cause of action against this defendant. (3) Same shows that a dentist working for and under the defendant was guilty of whatever negligence or wrong is charged in the complaint, and it fails to show that defendant was guilty of negligence in and about the employment of such dentist or in and about retaining such dentist in his employment. (4) For aught that appears, the dentist who, it is alleged, conducted himself in such a negligent and unskillful manner was a licensed, practicing dentist, and fails to show that this defendant was guilty of negligence in or about causing or allowing said dentist to perform said dental work. (5) No sufficient facts are stated to beget a duty on the part of the defendant toward plaintiff in the matter complained of. (6) The allegation of negligence is stated as a conclusion of the pleader without the averment of sufficient facts. (7) It is not sufficiently shown wherein or how this defendant was guilty of any negligence. (8) It is not averred or shown that defendant was personally guilty of any negligence. (9) It is not averred or shown that the alleged dentist who, it is alleged, was working for and under the defendant, was not a reasonably skillful dentist and a reasonably suitable person for defendant to have employed to do the work he is alleged to have done."

Charge 7, refused to defendant, is as follows:

"The court instructs the jury that there is no claim in this suit for the $50 claimed to have been paid by plaintiff to defendant, and the jury cannot render a verdict for the said $50 or any part thereof."

Harsh, Harsh & Harsh, of Birmingham, for appellant.

The second count was subject to the demurrer interposed. Maloney v. Fulenwider, 104 So. 396, 213 Ala. 205. The refusal of requested charge 7 was error. Standard Oil Co. v. Davis, 94 So. 754, 208 Ala. 565; Bradley v. Deaton, 94 So. 767, 208 Ala. 582. Plaintiff failed to meet the burden of proof resting on her, and the affirmative charge for defendant should have been given. Lawson v. Mobile E. Co., 85 So. 257, 204 Ala. 318; Ala. Power Co. v. Conine, 93 So. 22, 207 Ala. 435.

Wm. A. Jacobs, of Birmingham, for appellee.

Counsel discusses the questions raised and treated, but without citing authorities.

RICE, J. [1, 2] Count 2 of the complaint, upon which the case was submitted to the jury, was not, we think, subject to any of the grounds of demurrer interposed. 21 R. C. L. p. 386; Id. p. 396.

[3] Appellee's testimony, given by herself, was to the effect that she made a contract with an agent of appellant, acting at the time for appellant and in his offices, whereby, for a consideration of $50, all her teeth were to be taken out and a plate made for her. Much was said in the testimony about this contract and the $50 consideration paid by appellee, which was never returned to her, etc. The action was ex delicto, and no claim was made for the return of the aforementioned $50. In this state of the case we think appellant was, under the authority and reasoning in Standard Oil Co. v. Davis, 94 So. 754, 208 Ala. 565, entitled to have given at his request written charge 7, and that its refusal was prejudicial error. As was said in the case just cited:

"Where the case on trial has some element or elements in common with some other cause of action, so that confusion may arise in the minds of the jury as to the issues involved, an eliminative instruction [such, we may say, as appellant's refused charge 7] may be insisted upon."

It is clear here that the jury may have easily confused this action with, one that might have been brought for the return of the $50 by reason of the teeth made for appellee not "fitting," as provided for in the contract testified to by her. See, also, Bradley v. Deaton, 94 So. 767, 208 Ala. 582.

[4] The plaintiff below (appellee) relied upon the negligence of the defendant (appellant) for the recovery of the judgment which she had, and under the issues the burden was upon her to prove same. We have searched the record diligently, but cannot find any evidence to support her claim. If it be said, which we do not decide, that the mere fact that the teeth made for her did not "fit" raised a presumption of negligence in their making, or in the preparation of her mouth for same, yet, under the reasoning and authority of the opinion of the Supreme Court in the case of Lawson v. Mobile Electric Co., 85 So. 257, 204 Ala. 318, we think the appellant here was due to have given at his request the general affirmative charge, and its refusal was error. Testimony offered in his behalf, showing the use of due care in the services performed for appellee, is without dispute, that we can discover, in the evidence.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.