165 So. 600

UNITED STATES FIDELITY & GUARAN-
TY CO. v. KIBBEY.

6 Div. 872.

Court of Appeals of Alabama.

Feb. 4, 1936.

Frederick V. Wells and John W. Carlton, both of Birmingham, for appellee.

**SAMFORD, Judge.**

Norris Green was a deputy sheriff in and for Jefferson county, and as such he was required and did give a surety bond conditioned on the faithful performance of the duties of his office. On said bond, defendant became the surety.

Plaintiff claims that the said Green, while acting within the line and scope of his duties as such deputy, caused the unlawful arrest and imprisonment of plaintiff to his injury, etc.

On the trial and after the evidence was all in, the defendant requested the court to give in writing the general affirmative charge as to each count of the complaint. The court refused to give this charge, and that action is here assigned as error.

The rule regarding the action for unlawful arrest and false imprisonment is well stated by Somerville, judge, in the case of Standard Oil Company v. Davis, 208 Ala. 565, 94 So. 754, as follows: "(1) Whether or not the defendant or his agent directed, commanded or in any way instigated the arrest; and (2) whether such conduct, if shown, was a material factor in causing the officer to make the arrest."

If the officer acts solely upon his own judgment and initiative, the defendant would not be responsible even though he had directed or requested such action, and even though he were actuated by malice or other improper motive. Rich v. McInerny, 103 Ala. 345, 15 So. 663, 49 Am.St. Rep. 32.

We have read and carefully considered the testimony in this case, and without entering into a detailed discussion thereof, we find as a matter of fact that there is no scintilla of evidence which would authorize a jury to find a verdict for the plaintiff, but on the contrary, it appears that the arrest and confinement of the plaintiff by the officers in Birmingham was due to an independent investigation by them under circumstances rendering the action of the plaintiff at the time of the arrest worthy of close investigation. In any event, Norris Green, for whom this defendant was surety, did nothing more than any good citizen ought to have done in reporting to the duly constituted authorities the fact that an automobile had been found standing on the roadside for several hours after midnight.

The court committed reversible error in refusing to give the general charge as requested, and for this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.