182 So. 461

## CAUDLE v. SEARS, ROEBUCK & CO.

### 7 Div. 499.

Supreme Court of Alabama.

March 24, 1938.

Rehearing Denied April 21, 1938.

L. B. Rainey, of Gadsden, for appellant.

Goodhue & Lusk, of Gadsden, for appellee.

BROWN, Justice.

This is an action to recover damages for false imprisonment and malicious prosecution of the plaintiff by the defendant, and the appeal is by the plaintiff from a judgment on the verdict of a jury assessing the plaintiff's damages at $250. Therefore, only rulings affecting the measure and quantum of damages are presented for review.

The plaintiff's motion for new trial questioned the adequacy of the award, but the bill of exceptions does not show the ruling thereon and exception reserved to such ruling; hence the first assignment of error predicated on such ruling cannot be sustained. Code 1923, § 6088; Stover v. State, 204 Ala. 311, 85 So. 393; Newell Contracting Co. v. Glenn, 214 Ala. 282, 107 So. 801; Thomas v. Carter, 218 Ala. 55, 117 So. 634.

Special charges 1 and 12, given at the instance of the defendant, instructed the jury that although they were reasonably satisfied that the arrest and imprisonment of plaintiff was unlawful, "you should not award any punitive or exemplary damages if you are reasonably satisfied from the evidence that the unlawful arrest and false imprisonment of the plaintiff was brought about by the agents or servants of the defendant innocently, in good faith, and without malice in fact *or in law*." (Italics supplied.)

In the light of some phases of the evidence going to show aggravating circumstances attending the arrest, that it was made by the servants and agents of the defendant without a warrant, that plaintiff was requested to sign a confession that she was guilty or "else go to jail," and that said agents or servants put her in jail when she refused to sign such confession in disregard of the requirements of section 3269 of the Code, and in the face of information going to show that plaintiff was just out of a hospital and was then not well, we are of the opinion that these charges invaded the province of the jury and constitute reversible error. Rhodes v. McWilson, 192 Ala. 675, 69 So. 69; Gambill v. Schmuck, 131 Ala. 321, 31 So. 604; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754; Southern Ry. Co. v. Hall, 209 Ala. 237, 96 So. 73; Birmingham Ledger Co. v. Buchanan, 10 Ala.App. 527, 65 So. 667. Moreover, they left the jury

**40**

to determine what in law constituted malice.

The text, 25 C.J. 565, § 179, cited by appellee, does not support the soundness of these instructions. The full text is: "Exemplary damages are never allowed where the false imprisonment was brought about innocently, in good faith, without malice in fact or in law, *by public officers in the belief that they are performing their public duties,* or private persons acting in honest mistake with a reasonably founded belief in the lawfulness of the act, whether the public interest be involved, as in the apprehension of supposed wrongdoers, or merely private interests. *The fact that the wrong was done with good motive will not protect the wrongdoer from liability for punitive damages if he knowingly acts illegally.*" (Italics supplied.)

The agents or servants of the defendant are conclusively presumed to know that the law prohibited the confinement of the plaintiff in the county jail, in the circumstances, without the intervention of a magistrate, and that such confinement under the facts of the case was an invasion of plaintiff's right of liberty. Code 1923, § 3269; Cunningham & Son v. Baker, Peterson & Co., 104 Ala. 160, 169, 16 So. 68, 53 Am.St.Rep. 27; Bank of Cottonwood et al. v. Hood, 227 Ala. 237, 149 So. 676.

Charges 16 and 17 given for the defendant pretermit that defendant's agents and servants did not knowingly act illegally in placing the plaintiff in jail, and were erroneously given.

In the absence of claim for special damages in count 9, and a showing that such special damages were necessarily incurred in procuring plaintiff's discharge from unlawful arrest and restraint, charge 21 was given without error. Fidelity & Deposit Co. of Maryland et al. v. Adkins, 222 Ala. 17, 130 So. 552.

For the errors noted the judgment of the circuit court is reversed.

Reversed and remanded.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.

### On Rehearing.

BROWN, Justice.

The testimony of the witnesses Chavers and Clark stressed in the application for rehearing, was not overlooked in disposing of the questions presented by the appeal. The statement of Chavers was: "That at that time he was a commissioned officer of this county, and had been since the first of August, 1934." This may be literally true and still he had no more authority than any other person to make an arrest. The same is true of the witness Clark who testified: "When she worked for them [defendant] she was a clerk in the store, that at the same time she had a commission from the sheriff of Etowah County." But the nature of her commission and the authority which it conferred was not stated. The burden here was on the defendant, and the facts were peculiarly within the knowledge of its witnesses.

Moreover, the evidence shows without dispute that said witnesses were the agents or servants of the defendant, and were at the time of the arrest in the active discharge of their duties as such. They were not "public officers" within the meaning of the rule stated in 25 C.J. 565, § 179, and reproduced in the opinion on original consideration, relieving *public officers* from liability for punitive damages for unlawful arrest, and imprisonment if they act "innocently, in good faith, without malice in fact or in law." Said Chavers and Clark were not such public officers as specified in section 3261, having authority, *in case of emergency,* to imprison the person arrested without giving such person the benefit of being brought before a magistrate as required by section 3269, of the Code 1923.

Hayes, the officer sued in the case of Hayes v. Mitchell, 69 Ala. 452, was the marshal of the town of Oxford in the active discharge of his official duties and owed allegiance to no one except to the law and his conscience as a law officer.

The text of Corpus Juris is founded largely on the case of McCall v. McDowell et al., 15 Fed.Cas. p. 1235, No. 8,673, holding:

"1. In an action for false imprisonment, where the arrest complained of was illegal, but was caused by the defendant, while acting as commanding officer of a military department of the United States, without malice or intention to injure or oppress the plaintiff, but from good motives and considerations, involving the public peace and safety, the plaintiff is only entitled to recover compensatory damages.

"2. The defendant having caused the arrest and imprisonment of the plaintiff, who was a civilian, and not amenable to military law, it was his duty to make provision against his being treated with undue harshness and severity, or subjected to any treatment or discipline not necessary and proper to restrain him of his liberty for the time being; and having failed to do so, and suffered the plaintiff to be confined in the guard house with drunken soldiers, and to be compelled to labor in common with military culprits, the damages for the false imprisonment must be enhanced on account of such treatment."

As before stated, the said Chavers and Clark, in making the arrest, as the undisputed evidence shows, were acting for and in the interest of their master the defendant, and even though they may have been commissioned to arrest, they were nevertheless, not public officers within the meaning of said rule.

It is familiar logic, as old as civilization, in accord with human experience, and supported by the highest authority that: "No man can serve two masters for either he will hate the one and love the other; or else he will hold to the one and despise the other." Matt. ii, 24.

The application is due to be overruled. It is so ordered.

Application overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.